**In re ATTORNEY GENERAL OF TEXAS.**

No. 09–05–351–CV.

Court of Appeals of Texas, Beaumont.

Feb. 9, 2006.

Gregg Abbott, Atty. Gen., Barry R. McBee, First Asst. Atty. Gen., Casey R. Hoffman, Deputy Atty. Gen., Alicia Key, Director, Child Support Division, Rhonda Amkraut Pressley, Asst. Atty. Gen., for relator.

Corey Reed, Jasper, pro se.

Felicia Smith, Call, pro se.

Before KREGER, GAULTNEY, and HORTON, JJ.

## OPINION

PER CURIAM.

This is an application for writ of mandamus. The Attorney General seeks to vacate a trial court order requiring the parties to submit to paternity testing. The Attorney General contends the trial court erred in granting Corey Reed, Sr.'s request for paternity testing because Reed failed to establish a prima facie case for a bill of review. We hold the trial court abused its discretion in ordering the paternity test because Reed's petition failed to meet the initial pleading requirement for bringing a bill of review proceeding. We conditionally grant the writ.

On February 6, 2001, the trial court entered an order establishing the parent-child relationship, adjudicating Reed as the biological father of minor child D.R., and ordering Reed to pay child support. While Reed appeared in such proceeding, he did not sign or otherwise expressly agree to the order. On March 9, 2004, the trial court held a hearing, apparently pursuant to a motion filed by the Attorney General's office and, by agreed order of the parties, ordered Reed to pay child support arrearages.

On March 2, 2005, Reed filed a verified original petition for bill of review, contesting his paternity of D.R. and requesting that the trial court order a paternity test to determine the child's parentage. Reed alleged that: (1) the child's mother fraudulently failed to provide Reed with pertinent information concerning the child's paternity; (2) after the court adjudicated Reed as the child's father, he learned that he may not be the child's biological father; (3) his failure to assert the claim was not a result of negligence or fraud on his part; (4) he has no adequate legal remedy; (5) he did not discover the fraud until more than thirty days after the judgment; and (6) the judgment's invalidity does not appear on the face of the record. On June 1, 2005, Reed filed an unsworn second amended petition that alleged: (1) he was in prison during the pregnancy; (2) after the child's birth, the child's mother, the mother's parents, and Reed's parents informed him that he was the child's father; (3) Reed did not request a paternity test prior to the hearing establishing the parent-child relationship because he trusted the information he was given; (4) as the child grew, Reed could see no similarities between himself and the child and he began to question the child's paternity; and (5) Reed has since learned through DNA testing that he is not the child's biological father. Reed attached a genetic test report conducted by Orchid Genescreen, and claimed that the report excluded him as the child's father. The Attorney General contested the admissibility and accuracy of this test.

On July 12, 2005, the trial court, without conducting a hearing on Reed's bill of review, ordered that the parents and child submit to paternity testing. The Attorney General seeks to vacate this order.

A court of appeals will issue a writ of mandamus if the trial court abuses its discretion and the relator has no adequate remedy at law. *Walker v. Packer,*

827 S.W.2d 833, 839, 840 (Tex.1992). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.* at 839.

■ "A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment no longer appealable or subject to a motion for new trial." *Baker v. Goldsmith,* 582 S.W.2d 404, 406 (Tex.1979). A petition for a bill of review must allege specific facts and demonstrate the earlier judgment was rendered as the result of fraud, accident, or wrongful act of the opposite party or official mistake, unmixed with the complainant's own negligence. *Id.* at 408. The petitioner must further allege, with particularity, sworn facts sufficient to constitute a meritorious defense, and as a pretrial matter, present prima facie proof to support the contention. *Id.* "This preliminary showing is essential in order to assure the court that valuable judicial resources will not be wasted by conducting a spurious 'full-blown' examination of the merits." *Id.*

■ A petition for bill of review must allege extrinsic fraud. *See Tice v. City of Pasadena,* 767 S.W.2d 700, 702 (Tex.1989). "[F]ailure to plea extrinsic fraud will result in denial of the right to a trial by bill of review." *Ince v. Ince,* 58 S.W.3d 187, 190 (Tex.App.-Waco 2001, no pet.)(citing *Tice,* 767 S.W.2d at 700). Extrinsic fraud is fraud which denies a party the opportunity to fully litigate at trial all the rights or defenses that could have been asserted. *Tice,* 767 S.W.2d at 702. It is "wrongful conduct practiced outside of the adversary trial—such as keeping a party away from court, making false promises of compromise, denying a party knowledge of the suit—that affects the manner in which the judgment is procured." *Ince,* 58 S.W.3d at 190 (citing *Alexander v. Hagedorn,* 148

Tex. 565, 226 S.W.2d 996, 1002 (1950)). "Extrinsic fraud is 'collateral' fraud in the sense that it must be collateral to the matter actually tried and not something which was actually or potentially in issue in the trial." *Montgomery v. Kennedy,* 669 S.W.2d 309, 312 (Tex.1984)(citing *Crouch v. McGaw,* 134 Tex. 633, 639, 138 S.W.2d 94, 97 (1940)).

■ Intrinsic fraud, on the other hand, "relates to the merits of the issues which were presented and presumably were or should have been settled in the former action." *Tice,* 767 S.W.2d at 702. Intrinsic fraud "is inherent in the matter considered and determined in the trial 'where the fraudulent acts pertain to an issue involved in the original action, or where the acts constituting the fraud were, or could have been litigated therein.'" *Montgomery,* 669 S.W.2d at 313 (quoting *Mills v. Baird,* 147 S.W.2d 312, 316 (Tex. Civ.App.-Austin 1941, writ ref'd)).

■ Reed's petition fails to allege extrinsic fraud. Reed's petition alleges that the child's mother fraudulently failed to provide him with pertinent information concerning the child's paternity and that after the court adjudicated Reed as the child's father, he learned through DNA testing that he is not the child's biological father. The issue of paternity was resolved by the trial court in the original action. The mother's alleged fraud relates directly to paternity and Reed had the opportunity to contest paternity at trial. Thus, Reed's petition only alleges, at most, intrinsic fraud. As only extrinsic fraud can be the basis of a bill of review, Reed's petition is insufficient. *Tice,* 767 S.W.2d at 702. Further, Reed's second amended petition, the live pleading at the time of the trial court's order for discovery, is unsworn.

Reed did not meet the initial requirement for bringing a bill of review proceeding; he did not adequately allege in his petition that the prior judgment was rendered as the result of fraud, accident, or wrongful act of the opposite party or official mistake. Reed further failed to allege, with particularity, sworn facts to constitute a meritorious defense. In order to invoke the equitable powers of the court by a bill of review, the complainant must file a petition that meets those initial requirements set forth by the *Baker* court. "This preliminary showing is essential in order to assure the court that valuable judicial resources will not be wasted by conducting a spurious 'full-blown' examination of the merits." *Baker,* 582 S.W.2d at 408. We read this to include the discovery process. *See Amanda v. Montgomery,* 877 S.W.2d 482, 485–87 (Tex.App.-Houston [1st Dist.] 1994, no writ) (where petition for bill of review was fatally defective, discovery order is not allowed). We hold the trial court abused its discretion in ordering the parties to submit to paternity testing when Reed's petition fails to meet the initial requirements for a bill of review proceeding. Where the bill of review complainant's allegations are legally insufficient to warrant a bill of review, extraordinary relief is appropriate. *See Tice,* 767 S.W.2d at 702. We order the trial court to vacate its order of July 12, 2005. We are confident the trial court will comply with this opinion. The writ will issue only if the court does not.

WRIT CONDITIONALLY GRANTED.