In re the OFFICE OF the ATTORNEY GENERAL OF TEXAS.

No. 09–06–091 CV.

Court of Appeals of Texas, Beaumont.

Submitted March 30, 2006.
Decided April 27, 2006.

Greg Abbott, Attorney General, Barry R. McBee, First Assistant Attorney General, John B. Worley, Assistant Attorney General, Rhonda Amkraut Pressley, Chief, Appellate Litigation Section–Child Support Division, Austin, for relator.

William E. Harrison, Steinmann & Harrison, The Woodlands, for real parties in interest.

Katherine Kay Owens, Splendora, pro se.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

PER CURIAM.

The Attorney General of Texas seeks to vacate the trial court's order granting a bill of review. The Attorney General contends that the trial court abused its discretion in granting Robert Morris Hale's bill of review because he failed to plead the necessary sworn facts to make a prima facie case. We agree, and hold that the trial court abused its discretion in granting Robert's bill of review. We conditionally grant the writ.

### FACTUAL AND PROCEDURAL BACKGROUND

In his petition for a bill of review, Robert sought the right to re-litigate whether he is K.H.'s father. The original proceeding, titled "Suit Affecting The Parent–Child Relationship," terminated in an order dated August 21, 2002. In the 2002 order, the court found that Robert was K.H.'s father, ordered him to pay child support, and ordered that he provide health insurance for K.H. Robert, Katherine Owens, who is the child's mother, and an assistant for the Attorney General's office were all parties to the signed order.

Robert sought to overturn the 2002 order in a separate bill of review proceeding and thereby disestablish his status as K.H.'s father. In his verified petition for bill of review, Robert alleges that: (1) Katherine Owens led him to believe that he was the child's father; (2) K.H.'s maternal grandmother first informed him in September 2002 that K.H. was not his child; (3) his failure to assert that he was not K.H.'s father was based on Katherine Owens's representation that he was K.H.'s father; and, (4) his failure to present a defense was not due to any intentional act or negligence on his part because he was

unaware of his right to request a paternity test and he did not have funds to obtain paternity testing. On February 15, 2006, the trial court conducted a hearing, granted Robert's bill of review, and vacated the 2002 order adjudicating K.H.'s paternity. The Attorney General seeks to vacate the trial court's order actually entered on February 15, 2006, but misdated as being entered on February 15, 2005.

## DISCUSSION

Although paternity was not contested in the original proceeding, the 2002 Suit Affecting the Parent–Child Relationship addressed K.H.'s paternity. The agreed order establishes that Robert is K.H.'s father, and provides for child support, conservatorship, and visitation. Generally, subject to several exceptions, a party to a court proceeding to determine parentage of a child is bound by the court's findings. Tex. Fam.Code Ann. § 160.637(a)(2) (Vernon 2002).

■ Although the 2002 order is an agreed order, and as such is not based upon a fully contested trial on the merits, agreed orders are "accorded the same degree of finality and binding force as a final judgment rendered at the conclusion of an adversary proceeding." *McCray v. McCray*, 584 S.W.2d 279, 281 (Tex.1979). While Robert became obligated to support K.H. by virtue of the 2002 order adjudicating paternity, Texas law does provide postjudgment avenues to contest a paternity finding. Section 160.637(e) of the Texas Family Code provides that "[a] party to an adjudication of paternity may challenge the adjudication only under the laws of this state relating to appeal, the vacating of judgments, or other judicial review." Tex. Fam.Code Ann. § 160.637(e) (Vernon 2002). Here, Robert challenges the adjudication of his paternity through a bill of review.

■ "A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal." *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex.2004). Generally, to prevail on a bill of review, a petitioner must allege, with particularity, sworn facts to demonstrate a(1) meritorious defense to the cause of action upon which the judgment is based, (2) which he was prevented from making by virtue of the fraud, accident, or wrongful act of the opposite party or official mistake, (3) unmixed with any fault or negligence of his own. *Id.* at 96; *Baker v. Goldsmith*, 582 S.W.2d 404, 406–08 (Tex.1979). "This preliminary showing is essential in order to assure the court that valuable judicial resources will not be wasted by conducting a spurious 'full-blown' examination of the merits." *Baker*, 582 S.W.2d at 408.

■ In a petition for bill of review, the petitioner must allege extrinsic fraud as distinguished from intrinsic fraud. *See Nelson v. Chaney*, 193 S.W.3d 161, 165 (Tex.App.-Houston [1st Dist.] March 23, 2006, no pet. h.); *Tice v. City of Pasadena*, 767 S.W.2d 700, 702 (Tex.1989). "[F]ailure to plead extrinsic fraud will result in denial of the right to a trial by bill of review." *Ince v. Ince*, 58 S.W.3d 187, 190 (Tex.App.-Waco 2001, no pet.) (citing *Tice*, 767 S.W.2d at 700).

■ Extrinsic fraud is fraud that denies a party the opportunity to fully litigate at trial all the rights or defenses that he could have asserted. *Tice*, 767 S.W.2d at 702. Extrinsic fraud is "wrongful conduct practiced outside of the adversary trial—such as keeping a party away from court, making false promises of compromise, denying a party knowledge of the suit—that affects the manner in which the judgment is procured." *Ince*, 58 S.W.3d at

190 (citing *Alexander v. Hagedorn*, 148 Tex. 565, 574, 226 S.W.2d 996, 1002 (1950)). "Extrinsic fraud is 'collateral' fraud in the sense that it must be collateral to the matter actually tried and not something which was actually or potentially in issue in the trial." *Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex.1984) (citing *Crouch v. McGaw*, 134 Tex. 633, 639, 138 S.W.2d 94, 97 (1940)).

In contrast, intrinsic fraud "relates to the merits of the issues which were presented and presumably were or should have been settled in the former action." *Tice*, 767 S.W.2d at 702. Intrinsic fraud "is inherent in the matter considered and determined in the trial 'where the fraudulent acts pertain to an issue involved in the original action, or where the acts constituting the fraud were, or could have been litigated therein.'" *Montgomery*, 669 S.W.2d at 313 (quoting *Mills v. Baird*, 147 S.W.2d 312, 316 (Tex.Civ.App.Austin 1941, writ ref'd)).

The verified allegations in Robert's petition do not allege extrinsic fraud. He alleges that K.H.'s mother lied when she told him that he was K.H.'s father, and that in September 2002, after the court found that he was K.H.'s father, he learned that K.H. might not be his child. Thus, the fraudulent statements about which Robert complains were those of Katherine Owens, who is also a party to the Suit Affecting the Parent–Child Relationship.

Because parentage was an issue subject to being fully litigated in the Suit Affecting the Parent–Child Relationship, and the alleged fraud was that of a party to the suit, Robert's claim about Katherine's misrepresentations of parentage asserts intrinsic fraud. In another case under circumstances similar to those presented here, and because the bill of review at issue alleged intrinsic rather than extrinsic fraud, we granted the Attorney General's request to vacate a trial court's discovery order requiring that a child submit to DNA testing requested by his father. *In re Attorney General of Texas*, 184 S.W.3d 925 (Tex.App.-Beaumont 2006, no pet.). In addition to our court, several other courts have held that a lie about a child's parentage is intrinsic, not extrinsic, fraud. *Nelson*, 193 S.W.3d at 161; *Ince*, 58 S.W.3d at 191; *Wise v. Fryar*, 49 S.W.3d 450 (Tex.App.-Eastland 2001, pet. denied). As only extrinsic fraud can be the basis of a bill of review, Robert's petition seeking relief from the 2002 order is insufficient to satisfy the prima facie case requirements in bills of review proceedings. *In re Attorney General of Texas*, 184 S.W.3d at 928; *Tice*, 767 S.W.2d at 702.

Robert's petition seeking to set aside the prior order also fails to demonstrate that he is without fault or neglect. The absence of the petitioner's fault or neglect is also a prerequisite to a successful bill of review. *Baker*, 582 S.W.2d at 407.

To excuse his failure to litigate the parentage issue in 2002, Robert asserts that in 2002 he was unaware of his right to obtain DNA testing and that he could not afford DNA testing. As a result, Robert contends that he is not at fault for failing to pursue discovery of K.H.'s paternity in the original Suit Affecting the Parent–Child Relationship.

With respect to Robert's allegation that he was unaware of his right to obtain a DNA test, we believe that the appropriate test is not what he subjectively knew, but whether he exercised the care that prudent and careful persons would ordinarily use in their own cases of equal importance. *Conrad v. Orellana*, 661 S.W.2d 309, 313 (Tex.App.-Corpus Christi 1983, no writ). Although it does not appear that Robert utilized an attorney in the 2002 proceeding, a pro se litigant is held to the same stan-

dard as a licensed attorney and must comply with applicable laws and rules of procedure. *Holt v. F.F. Enterprises,* 990 S.W.2d 756, 759 (Tex.App.-Amarillo 1998, pet. denied); *Greenstreet v. Heiskell,* 940 S.W.2d 831, 834–35 (Tex.App.-Amarillo 1997, no pet.). We therefore charge Robert with knowledge of the law. *See Allstate Ins. Co. v. King,* 444 S.W.2d 602, 605 (Tex.1969) (finding ignorance of six-month filing deadline for workers' compensation benefits did not excuse missing that deadline); *West Columbia Nat'l Bank v. Griffith,* 902 S.W.2d 201, 206 (Tex.App.-Houston [1st Dist.] 1995, writ denied) (finding ignorance of the law's requirement to file answer to be insufficient excuse to justify relief from default in bill of review).

■ Further, a bill of review proceeding is a proceeding in equity, and absent fraud, ignorance of the law is generally not a sufficient justification to set aside agreed judgments that are final. *Pollard v. Steffens,* 161 Tex. 594, 605, 343 S.W.2d 234, 241 (1961). As the Texas Supreme Court concluded in *Pollard,* "He should have litigated the question at the time rather than join in having judgment entered against him and [permitting it] to become final before deciding to litigate it by bill of review." 343 S.W.2d at 240. We find that under the circumstances presented here Robert's sworn allegation that he did not know the law regarding his rights to obtain DNA testing establishes, rather than excuses, his neglect of his rights.

■ Robert's second explanation to justify his failure to obtain DNA testing in connection with the 2002 proceeding is that he *could not afford* it. In a bill of review proceeding, sufficient specific allegations are required to support conclusions, and bare conclusory statements are insufficient. *Baker,* 582 S.W.2d at 408–09. Other than Robert's conclusory allegation in his petition for bill of review, he does not allege with particularity the factual basis required in a bill of review proceeding to demonstrate that he was indigent. For example, Robert does not allege facts that show what a DNA test would have cost, or facts showing the "nature and amount of governmental entitlement income, nature and amount of employment income, other income, (interest, dividends, etc.), spouse's income if available to the party, property owned (other than homestead), cash or checking account, dependents, debts, and monthly expenses." *See* Tex.R. Civ. P. 145.

The Family Code is also sufficiently flexible to allow a trial court to assess the initial costs of genetic testing to parties to the paternity action other than the putative father, including the support enforcement agency. Tex. Fam.Code Ann. § 160.506 (Vernon 2002). The 2002 order reflects that the Texas Attorney General, Child Support Division, was a party to the proceeding to establish the paternity of K.H. Thus, Robert's bare assertion that he did not obtain DNA testing because he could not pay for it yet again reveals an absence of his own diligence to secure his rights in the 2002 proceeding.

Robert did not meet the preliminary requirements for a bill of review proceeding because he did not allege sufficient facts to show that: (1) the 2002 judgment was rendered as the result of extrinsic fraud, and (2) the 2002 judgment was rendered without the contribution of his own fault or neglect. Without the required preliminary showing, we cannot be sure that valuable judicial resources will not be wasted by conducting a full trial on the merits.

A court of appeals will issue a writ of mandamus if the trial court abuses its discretion and the relator has no adequate remedy at law. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). A trial

court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.* at 839.

We hold the trial court abused its discretion in vacating the 2002 order based upon the allegations in Robert's petition for bill of review. We order the trial court to vacate its order that it misdated February 15, 2005, and that it actually entered on February 15, 2006. We are confident the trial court will comply with this opinion. The writ will issue only if the court does not.

WRIT CONDITIONALLY GRANTED.