In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-091 CV


____________________



IN RE THE OFFICE OF THE ATTORNEY GENERAL OF TEXAS






Original Proceeding






 OPINION 


 The Attorney General of Texas seeks to vacate the trial court's order granting a bill
of review. The Attorney General contends that the trial court abused its discretion in
granting Robert Morris Hale's bill of review because he failed to plead the necessary sworn
facts to make a prima facie case. We agree, and hold that the trial court abused its discretion
in granting Robert's bill of review. We conditionally grant the writ. 

FACTUAL AND PROCEDURAL BACKGROUND

 In his petition for a bill of review, Robert sought the right to re-litigate whether he is
K.H.'s father. The original proceeding, titled "Suit Affecting The Parent-Child
Relationship," terminated in an order dated August 21, 2002. In the 2002 order, the court
found that Robert was K.H.'s father, ordered him to pay child support, and ordered that he
provide health insurance for K.H. Robert, Katherine Owens, who is the child's mother, and
an assistant for the Attorney General's office were all parties to the signed order. 

 Robert sought to overturn the 2002 order in a separate bill of review proceeding and
thereby disestablish his status as K.H.'s father. In his verified petition for bill of review,
Robert alleges that: (1) Katherine Owens led him to believe that he was the child's father;
(2) K.H.'s maternal grandmother first informed him in September 2002 that K.H. was not his
child; (3) his failure to assert that he was not K.H.'s father was based on Katherine Owens's
representation that he was K.H.'s father; and, (4) his failure to present a defense was not due
to any intentional act or negligence on his part because he was unaware of his right to request
a paternity test and he did not have funds to obtain paternity testing. On February 15, 2006,
the trial court conducted a hearing, granted Robert's bill of review, and vacated the 2002
order adjudicating K.H.'s paternity. The Attorney General seeks to vacate the trial court's
order actually entered on February 15, 2006, but misdated as being entered on February 15,
2005.

DISCUSSION

 Although paternity was not contested in the original proceeding, the 2002 Suit
Affecting the Parent-Child Relationship addressed K.H.'s paternity. The agreed order
establishes that Robert is K.H.'s father, and provides for child support, conservatorship, and
visitation. Generally, subject to several exceptions, a party to a court proceeding to
determine parentage of a child is bound by the court's findings. Tex. Fam. Code Ann. §
160.637(a)(2) (Vernon 2002). 

 Although the 2002 order is an agreed order, and as such is not based upon a fully
contested trial on the merits, agreed orders are "accorded the same degree of finality and
binding force as a final judgment rendered at the conclusion of an adversary proceeding."
McCray v. McCray, 584 S.W.2d 279, 281 (Tex. 1979). While Robert became obligated to
support K.H. by virtue of the 2002 order adjudicating paternity, Texas law does provide 
post-judgment avenues to contest a paternity finding. Section 160.637(e) of the Texas
Family Code provides that "[a] party to an adjudication of paternity may challenge the
adjudication only under the laws of this state relating to appeal, the vacating of judgments,
or other judicial review." Tex. Fam. Code Ann. § 160.637(e) (Vernon 2002). Here, Robert
challenges the adjudication of his paternity through a bill of review.

 "A bill of review is an equitable proceeding brought by a party seeking to set aside
a prior judgment that is no longer subject to challenge by a motion for new trial or appeal." 
Caldwell v. Barnes, 154 S.W.3d 93, 96 (Tex. 2004). Generally, to prevail on a bill of review,
a petitioner must allege, with particularity, sworn facts to demonstrate a (1) meritorious
defense to the cause of action upon which the judgment is based, (2) which he was prevented
from making by virtue of the fraud, accident, or wrongful act of the opposite party or official
mistake, (3) unmixed with any fault or negligence of his own. Id. at 96; Baker v. Goldsmith,
582 S.W.2d 404, 406-08 (Tex. 1979). "This preliminary showing is essential in order to
assure the court that valuable judicial resources will not be wasted by conducting a spurious
'full-blown' examination of the merits." Baker, 582 S.W.2d at 408. 

 In a petition for bill of review, the petitioner must allege extrinsic fraud as
distinguished from intrinsic fraud. See Nelson v. Chaney, No. 01-04-01058-CV, 2006 WL
727760, at *2 (Tex. App. - Houston [1st Dist.] March 23, 2006, no pet. h.); Tice v. City of
Pasadena, 767 S.W.2d 700, 702 (Tex. 1989). "[F]ailure to plead extrinsic fraud will result
in denial of the right to a trial by bill of review." Ince v. Ince, 58 S.W.3d 187, 190 (Tex.
App.- Waco 2001, no pet.) (citing Tice, 767 S.W.2d at 700). 

 Extrinsic fraud is fraud that denies a party the opportunity to fully litigate at trial all
the rights or defenses that he could have asserted. Tice, 767 S.W.2d at 702. Extrinsic fraud
is "wrongful conduct practiced outside of the adversary trial--such as keeping a party away
from court, making false promises of compromise, denying a party knowledge of the suit--that affects the manner in which the judgment is procured." Ince, 58 S.W.3d at 190 (citing
Alexander v. Hagedorn, 148 Tex. 565, 574, 226 S.W.2d 996, 1002 (1950)). "Extrinsic fraud
is 'collateral' fraud in the sense that it must be collateral to the matter actually tried and not
something which was actually or potentially in issue in the trial." Montgomery v. Kennedy,
669 S.W.2d 309, 312 (Tex. 1984) (citing Crouch v. McGaw, 134 Tex. 633, 639, 138 S.W.2d
94, 97 (1940)). 

 In contrast, intrinsic fraud "relates to the merits of the issues which were presented
and presumably were or should have been settled in the former action." Tice, 767 S.W.2d
at 702. Intrinsic fraud "is inherent in the matter considered and determined in the trial 'where
the fraudulent acts pertain to an issue involved in the original action, or where the acts
constituting the fraud were, or could have been litigated therein.'" Montgomery, 669 S.W.2d
at 313 (quoting Mills v. Baird, 147 S.W.2d 312, 316 (Tex. Civ. App.- Austin 1941, writ
ref'd)).

 The verified allegations in Robert's petition do not allege extrinsic fraud. He alleges
that K.H.'s mother lied when she told him that he was K.H.'s father, and that in September
2002, after the court found that he was K.H.'s father, he learned that K.H. might not be his
child. Thus, the fraudulent statements about which Robert complains were those of
Katherine Owens, who is also a party to the Suit Affecting the Parent-Child Relationship. 

 Because parentage was an issue subject to being fully litigated in the Suit Affecting
the Parent-Child Relationship, and the alleged fraud was that of a party to the suit, Robert's
claim about Katherine's misrepresentations of parentage asserts intrinsic fraud. In another
case under circumstances similar to those presented here, and because the bill of review at
issue alleged intrinsic rather than extrinsic fraud, we granted the Attorney General's request
to vacate a trial court's discovery order requiring that a child submit to DNA testing
requested by his father. In re Attorney General of Texas, 184 S.W.3d 925 (Tex. App. -
Beaumont 2006, no pet.). In addition to our court, several other courts have held that a lie
about a child's parentage is intrinsic, not extrinsic, fraud. Nelson, 2006 WL 727760, at *3;
Ince, 58 S.W.3d at 191; Wise v. Fryar, 49 S.W.3d 450 (Tex. App. - Eastland 2001, pet.
denied). As only extrinsic fraud can be the basis of a bill of review, Robert's petition seeking
relief from the 2002 order is insufficient to satisfy the prima facie case requirements in bills
of review proceedings. In re Attorney General of Texas, 184 S.W.3d at 928; Tice, 767
S.W.2d at 702.

 Robert's petition seeking to set aside the prior order also fails to demonstrate that he
is without fault or neglect. The absence of the petitioner's fault or neglect is also a
prerequisite to a successful bill of review. Baker, 582 S.W.2d at 407. 

 To excuse his failure to litigate the parentage issue in 2002, Robert asserts that in 2002
he was unaware of his right to obtain DNA testing and that he could not afford DNA testing. 
As a result, Robert contends that he is not at fault for failing to pursue discovery of K.H.'s
paternity in the original Suit Affecting the Parent-Child Relationship. 

 With respect to Robert's allegation that he was unaware of his right to obtain a DNA
test, we believe that the appropriate test is not what he subjectively knew, but whether he
exercised the care that prudent and careful persons would ordinarily use in their own cases
of equal importance. Conrad v. Orellana, 661 S.W.2d 309, 313 (Tex. App. - Corpus Christi
1983, no writ). Although it does not appear that Robert utilized an attorney in the 2002
proceeding, a pro se litigant is held to the same standard as a licensed attorney and must
comply with applicable laws and rules of procedure. Holt v. F.F. Enterprises, 990 S.W.2d
756, 759 (Tex. App. - Amarillo 1998, pet. denied); Greenstreet v. Heiskell, 940 S.W.2d 831,
834-35 (Tex. App. - Amarillo 1997, no pet.). We therefore charge Robert with knowledge
of the law. See Allstate Ins. Co. v. King, 444 S.W.2d 602, 605 (Tex. 1969) (finding
ignorance of six-month filing deadline for workers' compensation benefits did not excuse
missing that deadline); West Columbia Nat'l Bank v. Griffith, 902 S.W.2d 201, 206 (Tex.
App. - Houston [1st Dist.] 1995, writ denied) (finding ignorance of the law's requirement
to file answer to be insufficient excuse to justify relief from default in bill of review). 

 Further, a bill of review proceeding is a proceeding in equity, and absent fraud,
ignorance of the law is generally not a sufficient justification to set aside agreed judgments
that are final. Pollard v. Steffens, 161 Tex. 594, 605, 343 S.W.2d 234, 241 (1961). As the
Texas Supreme Court concluded in Pollard, "He should have litigated the question at the
time rather than join in having judgment entered against him and [permitting it] to become
final before deciding to litigate it by bill of review." 343 S.W.2d at 240. We find that under
the circumstances presented here Robert's sworn allegation that he did not know the law
regarding his rights to obtain DNA testing establishes, rather than excuses, his neglect of his
rights.

 Robert's second explanation to justify his failure to obtain DNA testing in connection
with the 2002 proceeding is that he could not afford it. In a bill of review proceeding,
sufficient specific allegations are required to support conclusions, and bare conclusory
statements are insufficient. Baker, 582 S.W.2d at 408-09. Other than Robert's conclusory
allegation in his petition for bill of review, he does not allege with particularity the factual
basis required in a bill of review proceeding to demonstrate that he was indigent. For
example, Robert does not allege facts that show what a DNA test would have cost, or facts
showing the "nature and amount of governmental entitlement income, nature and amount of
employment income, other income, (interest, dividends, etc.), spouse's income if available
to the party, property owned (other than homestead), cash or checking account, dependents,
debts, and monthly expenses." See Tex. R. Civ. P. 145. 

 The Family Code is also sufficiently flexible to allow a trial court to assess the initial
costs of genetic testing to parties to the paternity action other than the putative father,
including the support enforcement agency. Tex. Fam. Code Ann. § 160.506 (Vernon 2002). 
The 2002 order reflects that the Texas Attorney General, Child Support Division, was a party
to the proceeding to establish the paternity of K.H. Thus, Robert's bare assertion that he did
not obtain DNA testing because he could not pay for it yet again reveals an absence of his
own diligence to secure his rights in the 2002 proceeding. 

 Robert did not meet the preliminary requirements for a bill of review proceeding
because he did not allege sufficient facts to show that: (1) the 2002 judgment was rendered
as the result of extrinsic fraud, and (2) the 2002 judgment was rendered without the
contribution of his own fault or neglect. Without the required preliminary showing, we
cannot be sure that valuable judicial resources will not be wasted by conducting a full trial
on the merits. 

 A court of appeals will issue a writ of mandamus if the trial court abuses its discretion
and the relator has no adequate remedy at law. Walker v. Packer, 827 S.W.2d 833, 839-40
(Tex. 1992). A trial court abuses its discretion if it reaches a decision so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law. Id. at 839. 

 We hold the trial court abused its discretion in vacating the 2002 order based upon the
allegations in Robert's petition for bill of review. We order the trial court to vacate its order
that it misdated February 15, 2005, and that it actually entered on February 15, 2006. We
are confident the trial court will comply with this opinion. The writ will issue only if the
court does not. 

 WRIT CONDITIONALLY GRANTED.

 PER CURIAM


Submitted on March 30, 2006

Opinion Delivered April 27, 2006

Before McKeithen, C.J., Kreger and Horton, JJ.