NO.
12-07-00242-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN RE:  THE
OFFICE OF  §                      

 

THE ATTORNEY GENERAL         §                      ORIGINAL PROCEEDING

 

OF TEXAS    §                      

                                                                                                                                                           


MEMORANDUM OPINION

            The Office of the Attorney General of Texas filed a petition for writ of
mandamus challenging the trial court’s order granting the request for genetic
testing filed by the real party in interest, Dale Eugene Duke.[1]  We conditionally grant the
petition.

 

Background

            Duke
divorced Rachel Doretta Horne in 2000. 
During this proceeding, Duke did not contest the paternity of K.S.  In the final decree of divorce, the trial
court found that Duke and Horne were the parents of K.S. and that  Duke should pay child support.  Neither party appealed these findings.

            In 2007, the
Attorney General filed a Petition for Confirmation of Non-Agreed Child Support
Review Order in which it sought to have the trial court confirm a modification
of the child support Duke was to pay.  In
response, Duke filed an original answer in which he denied he was the father of
K.S. and requested genetic testing.  

            The trial
court held an evidentiary hearing on Duke’s request.  At the hearing, Duke testified that during
Horne’s pregnancy, he had “a little bit” of doubt that the child was his.  After K.S. was born, Horne told Duke there
was no doubt in her mind that he was the father of K.S.  Consequently, at the time of the divorce,
Duke believed K.S. was his child and did not raise the issue of paternity.
According to Duke, more than four years after the divorce was final, Horne told
him that he was not the father of K.S. 
Horne testified and denied making this statement.  

            Duke
contended he had established that Horne had committed extrinsic fraud, which
prevented him from previously challenging the paternity of K.S.  The trial court agreed with Duke and granted
his request for genetic testing.  The
Attorney General then filed a petition for writ of mandamus complaining of the
trial court’s order. On the Attorney General’s
motion, we stayed the trial court’s order pending the outcome of this
proceeding.

 

Prerequisites to Mandamus

            Mandamus
will issue to correct a clear abuse of discretion where there is no adequate
remedy by appeal.  In re Cerberus
Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005); Walker v.
Packer, 827 S.W.2d 833, 839-40 (Tex. 1992).  To determine whether the trial court clearly
abused its discretion, the reviewing court must consider whether the challenged
ruling or order was one compelled by the facts and circumstances or was
arbitrary, unreasonable, or reached without reference to any guiding rules or
principles.  In re Huag,
175 S.W.3d 449, 451 (Tex. App.–Houston [14th Dist.] 2005, no pet.).  A clear failure by the trial court to analyze
or apply the law correctly will constitute an abuse of discretion.  Walker, 827 S.W.2d at 840.  The trial court has no discretion in
determining what the law is or applying the law to the facts.  In re Prudential Ins. Co. of Am.,
148 S.W.3d 124, 135 (Tex. 2004).  An
appellate remedy is “adequate” when any benefits to mandamus review are
outweighed by the detriments.  Id.
at 136.  This determination depends
heavily on the circumstances presented and is better guided by general
principles than by simple rules.  Id.
at 137.

            Duke’s request for genetic testing
does not specifically mention a bill of review. 
It appears, however, that Duke attempted to plead and prove the elements
necessary for a bill of review and that the trial court construed his request
as a petition for a bill of review.  In
our analysis, we will also construe Duke’s request for genetic testing as a
petition for a bill of review.   

            The Attorney General contends that
Duke’s pleadings are insufficient to warrant a bill of review.  Mandamus is appropriate when a trial court
orders the parties to submit to genetic testing if the petition for a bill of
review does not adequately plead the bill of review elements.  In re Attorney Gen. of Tex.,
184 S.W.3d 925, 929 (Tex. App.–Beaumont 2006, orig. proceeding).  Therefore, the sole issue in this proceeding
is whether the trial court abused its discretion in granting the bill of
review.  The Attorney General has the
burden on this issue.  See In
re E. Tex. Med. Ctr. Athens, 154 S.W.3d 933, 935 (Tex. App.–Tyler 2005,
orig. proceeding).

 

Availability
of Mandamus

            The final decree of divorce signed by the trial court in 2000
adjudicated Duke as the father of K.S., and the trial court lost plenary power
over that decree long ago.  See Tex. R. Civ. P. 329b(c), (d) (plenary
power to modify judgment expires not later than 75 days after judgment signed,
depending upon whether plenary power extending motions are filed).  After the trial court’s plenary power
expires, it cannot set aside a judgment except by bill of review for sufficient
cause, filed within the time allowed by law. 
See Tex. R. Civ. P. 329b(f).  

            A bill of review “is an
equitable proceeding brought by a party seeking to set aside a prior judgment
that is no longer subject to challenge by a motion for new trial or appeal.”  Caldwell v. Barnes, 154 S.W.3d
93, 96 (Tex. 2004).  Finality of
judgments is of fundamental importance to the administration of justice. Martindale
v. Reno, 132 S.W.3d 462, 463 (Tex. App.–Eastland 2003, no pet.).  Therefore, setting aside a final judgment
must be limited, and a bill of review is proper only in exceptional
circumstances.  Id. at
463-64.  To prevail on a bill of review,
the petitioner must plead and prove 1) a meritorious claim or defense to the
claim supporting the judgment, 2) which was not previously presented because of
fraud, accident, or wrongful act of the opposing party, 3) unmixed with any
fault or negligence of the petitioner.  Nelson
v. Chaney, 193 S.W.3d 161, 165 (Tex. App.–Houston [1st Dist.] 2006, no
pet.) (citing Caldwell, 154 S.W.3d at 96).

            Extrinsic fraud will
support a bill of review, but intrinsic fraud will not.  Tice v. City of Pasadena, 767
S.W.2d 700, 702 (Tex. 1989).  Extrinsic
fraud is wrongful conduct practiced outside the adversary trial that denies a
party the opportunity to fully litigate at trial all the rights or defenses
that could have been asserted.  In
re Attorney Gen. of Tex., 184 S.W.3d at 928.  Extrinsic fraud includes keeping a party away
from court, making false promises of compromise, and denying a party knowledge
of the suit.  Ince v. Ince,
58 S.W.3d 187, 190 (Tex. App.–Waco 2001, no pet.).  Extrinsic fraud must be collateral to the
matter that was actually tried and cannot be something that was either actually
or potentially in issue at the trial.  In
re Attorney Gen. of Tex., 184 S.W.3d at 928.  By contrast, intrinsic fraud “relates to the
merits of the issues which were presented and presumably were or should have
been settled in the former action.”  Tice,
767 S.W.2d at 702.  Intrinsic fraud
includes using fraudulent instruments, presenting perjured testimony, and any
matters that were presented to and considered by the court in the trial.  Id.  The Attorney General argues that Duke has
alleged nothing more than intrinsic fraud. 
We agree.

            Duke did not contest
paternity in the divorce action, and the trial court found that Duke and Horne
were the parents of K.S.  To establish
extrinsic fraud, Duke alleged that Horne misrepresented to him that K.S. was
his child.  But Duke could have contested
the paternity of K.S. and litigated the issue in the divorce action.  See In re Attorney Gen. of Tex.,
184 S.W.3d at 928.  Consequently, Duke
has not alleged extrinsic fraud.  See id.;
Temple v. Archambo, 161 S.W.3d 217, 225-26 (Tex. App.–Corpus
Christi 2005, no pet.).  Because Duke
alleges only intrinsic fraud, at most, Duke’s petition for a bill of review is
defective.  In re Attorney Gen. of
Tex., 184 S.W.3d at 928.  As
such, Duke’s allegations were legally insufficient for a bill of review, and
the trial court abused its discretion by ordering the genetic testing. [2] See id.; Nelson, 193 S.W.3d at 167. 

 

Disposition

            Having concluded that the trial
court abused its discretion by granting the request for genetic testing, we conditionally
grant mandamus relief.  We trust
that the trial court will promptly vacate its order of June 26, 2007 granting
Duke’s request for genetic testing.  The
writ will issue only if the trial court fails to comply with this court’s
opinion and order within ten days.  The trial court shall furnish this court,
within the time for compliance with this court’s opinion and order, a certified
copy of its order evidencing such compliance.

 

 

                                                                                  BRIAN HOYLE    

                                                                                        Justice

 

 

 

Opinion delivered August 15, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] The respondent is the Honorable Joe Bob Golden, Judge of the 1st
Judicial District Court, Sabine County, Texas.





[2] The Attorney General complains of other
defects in Duke’s pleadings and proof. 
Because we have held that Duke failed to allege extrinsic fraud, we need
not address the Attorney General’s remaining arguments.