In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-19-00310-CV
_____

BRIANNA TRASA JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 19-06-08496-CV

## MEMORANDUM OPINION

Pro se Appellant Brianna Trasa Johnson appeals[1] the trial court's denial of her petition for expunction of records relating to her 2006 arrest for driving while license suspended.

---

[1] Brianna Johnson filed pro se pleadings in the trial court, but she had a non-attorney appear with her and speak for her at the hearing in the trial court. The non-attorney called himself "The King/Morocco" and alleged that he was Johnson's "counsel," that he was "in propria persona" and "sovereign." The non-attorney stated

On June 20, 2019, Johnson filed a pro se petition for expunction. Johnson sought to expunge records relating to her arrest and conviction for the Class B misdemeanor of driving while license suspended in cause number 06-224591, County Court at Law No. 4, in Montgomery County, Texas. She requested expungement pursuant to Chapter 55 of the Texas Code of Criminal Procedure. A judgment of conviction dated February 13, 2007 was attached to her petition. The Texas Department of Public Safety filed an answer to the Petition asserting a general denial and that Petitioner was not entitled to expunction because her arrest resulted in a final conviction. Additionally, the Montgomery County District Attorney filed an answer to the Petition asserting a general denial and that Petitioner was not entitled to expunction because her arrest resulted in a final conviction.

The trial court held a hearing on the petition and heard arguments from the parties. At the hearing in the trial court, Johnson argued that she "was 18 years old but was not competent in law, so she did not realize that she was being convicted of any crime." Johnson argued she thought the offense "was going to be removed from her record and she was going to pay a fine." Johnson argued that the "inaccurate, incorrect allegations have hindered" her from providing for her family. According

that he was "self-governed[.]" On appeal, Johnson filed a pro se notice of appeal and she filed a brief that includes her handwritten signature and a typed signature with the certificate of service from "/s/The King/Morocco" and "/s/Brianna T. Johnson."

2

to Johnson, she never served the three days in jail as alleged. The trial court denied the petition and signed a judgment denying the expunction petition. Johnson appealed.

The purpose of an expunction statute is to permit a defendant to obtain an expunction of records for wrongful arrests. *Harris Cty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991); *Travis Cty. Dist. Attorney v. M.M.*, 354 S.W.3d 920, 926 (Tex. App.—Austin 2011, no pet.). "When an arrest is not wrongful, removal and destruction of records relating to it harms the public's interest of using the records 'in subsequent punishment proceedings, including subsequent applications for probation.'" *S.J. v. State*, 438 S.W.3d 838, 841 (Tex. App.—Fort Worth 2014, no pet.) (quoting *J.T.S.*, 807 S.W.2d at 574). A petitioner's right to expunction is purely a matter of statutory privilege. *Id.*

We review a trial court's decision granting a petition for expunction for abuse of discretion. *Tex. Dep't of Pub. Safety v. Ibarra*, 444 S.W.3d 735, 738 (Tex. App.—Corpus Christi 2014, pet. denied). "However, to the extent a ruling on an expunction petition turns on a question of law, we review the ruling de novo because a trial court has no discretion in determining what the law is or applying the law to the facts." *Id.* A petitioner seeking expunction bears the burden of demonstrating that she has met all the required statutory conditions. *Id.* at 739.

Section 55.01(a)(2) of the Texas Code of Criminal Procedure provides that a person who has been arrested is entitled to have all records and files relating to the arrest expunged if the person has been released and the charge has not resulted in a final conviction and there was no court-ordered community supervision for the offense. Tex. Code Crim. Proc. Ann. art. 55.01(a)(2).

"Initially, we must note that a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure." *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied); *In re Office of Attorney Gen. of Tex.*, 193 S.W.3d 690, 693-94 (Tex. App.— Beaumont 2006, orig. proceeding); *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves."). The pro se appellant must also properly present her case on appeal. *See Strange*, 126 S.W.3d at 678.

While appellate courts should reach the merits of an appeal whenever possible and construe a pro se litigant's brief liberally, the rules of appellate procedure require an appellant's brief to state all issues presented for review clearly and concisely and include appropriate citations to authorities and to the record. Tex. R. App. P. 38.1(f), (i); *see also Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). An issue

unsupported by argument or citation to any legal authority presents nothing for the court to review. *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied); *see also Birnbaum v. Law Offices of G. David Westfall, P.C.*, 120 S.W.3d 470, 477 (Tex. App.—Dallas 2003, pet. denied). "[The parties] must put forth some specific argument and analysis showing that the record and the law support[] their contentions." *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.). "An appellate court has no duty to perform an independent review of the record and applicable law to determine whether the error complained of occurred." *Strange*, 126 S.W.3d at 678.

Johnson filed an appellate brief wherein she alleged that she has encountered difficulty providing financially for her children due to the alleged charges by the State, she has suffered pain and mental anguish, and she seeks damages. Under the heading of "Standard of Review" she lists:

- Charter of the United Nations
- Civil Rights Law
- Morocco Constitution
- Texas Constitution Article 1 Section 1
- Treaty of Tripoli
- United Nations Declaration on the Rights of Indigenous People
- Universal Declaration of Human Rights
- International Human Rights Law
- Texas Code of Criminal Procedure

She does not explain the basis of her legal argument or how the listed items should apply to the denial of her petition for expunction. Johnson argues that "the State of Texas does not have the jurisdiction to charge [Johnson] with these allegations." Johnson states that she is "challenging the jurisdiction of the Defendant[]" and asks this Court to "make the Defendant prove jurisdiction to prove that the Defendant has the lawful constitutional grounds to charge the Appellant with the said allegations." She argues the "allegations brought forth by the Defendant against the Appellant are not accurate[,]" these allegations have "inflicted damages and injury on the Appellant[,]" and she asks this Court to "grant the relief of $50,000 in certified gold bars to the Plaintiff/Appellant for injuries and damages inflicted/imposed by the Defendant/Appellee[.]"

Johnson's appellate brief fails to include appropriate citations to authorities and to the record. *See* Tex. R. App. P. 38.1(f), (i). Johnson has failed to set forth an argument and analysis showing that the record and the law support her contentions. Additionally, she has failed to establish that the trial court erred in denying her petition for expunction. One of the statutory requirements for a person to be eligible for expunction of an arrest is that the charge has not resulted in a final conviction. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2). The appellate record shows that, as noted by the trial court at the expunction hearing, Johnson attached a final judgment

6

of conviction for the Class B misdemeanor offense to her petition for expunction. Therefore, she does not meet the requirements of article 55.01(a)(2). To the extent Johnson is attempting to make an attack on the factual recitations in the underlying arrest or the judgment of conviction, her allegations would amount to an improper collateral attack. *See also Ex parte Cephus*, 410 S.W.3d 416, 419 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) ("A collateral attack on a final judgment may not be brought in an expunction proceeding."). We overrule Johnson's issue on appeal. The trial court's judgment is affirmed.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on February 6, 2020
Opinion Delivered February 20, 2020

Before McKeithen, C.J., Horton and Johnson, JJ.