

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00032-CV
_____

ERIK MISHIYEV, AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF JULIE LEAH MISHIYEV, Appellant

V.

DEANITA ANN TAMM A/K/A DEE DEE GUTIERREZ,
AND EXCEL CONSTRUCTION GROUP COMMERCIAL, INC., Appellees

On Appeal from the 17th District Court
Tarrant County, Texas
Trial Court No. 017-340693-23

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

This is an appeal from a final judgment in Tarrant County[1] dated February 26, 2024, in which the trial court granted Excel Construction Group Commercial, Inc.'s, plea to the jurisdiction and dismissed Erik Mishiyev's case for lack of jurisdiction. On appeal, Mishiyev proceeds pro se and argues that the trial court erred in dismissing his lawsuit based upon his lack of standing. Excel responded and claims Mishiyev's appeal is frivolous. Excel also seeks damages for Mishiyev's frivolous appeal. Upon review, we affirm the trial court's judgment but decline to award damages for a frivolous appeal.

## I. Background

On March 6, 2023, Mishiyev filed a pro se lawsuit against Deanita Ann Tamm (also known as Dee Dee Davis-Gutierrez) and Excel, claiming they were liable for the death of his sister, Julie Leah Mishiyev. In his petition, Mishiyev claimed that he was the personal representative of his sister's estate and was pursuing his lawsuit as both a wrongful death action and a survival action.

On January 16, 2024, Excel moved to dismiss Mishiyev's lawsuit for lack of jurisdiction. With that motion, Excel claimed Mishiyev was not his sister's personal representative and did not have standing to bring a lawsuit on behalf of her estate. On February 9, 2024, Excel amended its motion, filed an amended plea to the jurisdiction, and again moved to dismiss for

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We are unaware of any conflict between precedent of the Second Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

lack of jurisdiction. Mishiyev did not respond to the amended motion.[2] On February 26, 2024, the trial court held a hearing to consider the motion. After that hearing, the trial court granted the motion and dismissed Mishiyev's case. Mishiyev now appeals.

## II. Applicable Law

Our review of a trial court's decision to grant a plea to the jurisdiction is a de novo review. *Farmers Tex. Cnty. Mut. Ins. Co. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020) (recognizing "[b]ecause a plea to the jurisdiction raises a question of standing, we also review a plea to the jurisdiction de novo"). In applying a de novo standard of review to a standing determination, we "construe the pleadings in the plaintiff's favor, but we also consider relevant evidence offered by the parties." *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018).

## III. The Trial Court Properly Dismissed Mishiyev's Case

Mishiyev filed the underlying suit as both a wrongful death action and a survival action. We will address both types of actions. First, a wrongful death action is an action limited by statute and may only be brought by "the surviving spouse, children, and parents of the deceased." TEX. CIV. PRAC. & REM. CODE ANN. § 71.004(a). A wrongful death claim "belongs to statutory beneficiaries and does not benefit the estate." *Hill v. Bartlette*, 181 S.W.3d 541, 549 (Tex. App.—Texarkana 2005, no pet.).

In accordance with the statute, "[s]urviving siblings of the deceased do not have standing to bring a wrongful death action." *Hogan v. Hearst Corp.*, 945 S.W.2d 246, 252 (Tex. App.—San Antonio 1997, no writ). Since Mishiyev, as the surviving sibling, is not a statutory

---

[2]Instead, Mishiyev attempted to amend his complaint.

beneficiary, he did not have standing to pursue this wrongful death action for the death of his sister. As a result, the trial court properly granted Excel's plea to the jurisdiction on that basis and found it had no jurisdiction over Mishiyev's wrongful death claim.

Second, a survival action is an action on behalf of the decedent and "survives to and in favor of the heirs, legal representatives, and the estate of the injured person." TEX. CIV. PRAC. & REM. CODE ANN. § 71.021(b). Under the survival statute, the decedent's claim "survives" her death and is "wholly derivative of the decedent's rights." *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 345 (Tex. 1992). "In general, only the estate's personal representative has the capacity to bring a survival claim." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 850 (Tex. 2005).

In the present action, although Mishiyev claims he is the personal representative of his deceased sister's estate, he provided no documentation reflecting such a capacity.[3] Furthermore, even if he had the proper capacity to represent his sister's estate, he could not represent the estate as a pro se litigant. *See Steele v. McDonald*, 202 S.W.3d 926, 928–29 (Tex. App.—Waco 2006, order) (per curiam) (finding that pro se litigant "may not prosecute this appeal *pro se* in his capacity as Independent Executor of the Duke Estate"); *see also* TEX. R. CIV. P. 7 (stating "[a]ny party to a suit may appear and prosecute or defend *his rights* therein, either in person or by an attorney of the court" (emphasis added)). Consequently, the trial court did not err in granting

---

[3]The record indicates no personal representative was ever appointed. In the small estate affidavit signed by the father of the decedent's daughter, "[t]here is no petition for the appointment of a personal representative pending, nor has one been granted, for the Decedent's Estate."

4

Excel's plea to the jurisdiction on that basis and in finding it had no jurisdiction over Mishiyev's survival action.

## IV. We Decline to Award Damages

In its brief, Excel has requested damages for having to dispute Mishiyev's frivolous appeal. Under Rule 45 of the Texas Rules of Appellate Procedure, damages are authorized as follows:

> If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals.

TEX. R. APP. P. 45.

To determine whether an appeal is frivolous, we must apply an objective test and review "the record from the viewpoint of the advocate and decide whether he had reasonable grounds to believe the case could be reversed." *Smith v. Brown*, 51 S.W.3d 376, 380 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). Importantly, the fact Mishiyev is proceeding pro se does not excuse his failure to understand the relevant legal precedent. *See In re Off. of Att'y Gen. of Tex.*, 193 S.W.3d 690, 693–94 (Tex. App.—Beaumont 2006, orig. proceeding) (per curiam) (finding "a pro se litigant is held to the same standard as a licensed attorney and must comply with applicable laws and rules of procedure" (citing *Holt v. F.F. Enters.*, 990 S.W.2d 756, 759 (Tex. App.—Amarillo 1998, pet. denied); *Greenstreet v. Heiskell*, 940 S.W.2d 831, 834–35 (Tex. App.—Amarillo 1997, no pet.) (per curiam))).

5

After reviewing the facts in the present action, while it was ultimately unsuccessful, we find this appeal was not frivolous and decline to award damages against Mishiyev under Rule 45 of the Texas Rules of Appellate Procedure.

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:     August 15, 2024
Date Decided:       September 19, 2024