**George McCRAY, Jr., Appellant,**

v.

**Sonya A. McCRAY, Appellee.**

**No. 8219.**

Court of Civil Appeals of Texas, Beaumont.

Dec. 28, 1978.

Rehearing Denied Jan. 18, 1979.

James W. Steele, Conroe, for appellant.

Duane T. Corley, Conroe, for appellee.

CLAYTON, Justice.

This action was filed by plaintiff (Sonya) to enforce a "contractual alimony" agreement contained in a decree of divorce entered May 22, 1974. Plaintiff filed her motion for summary judgment which was granted by the trial court, and defendant appeals therefrom.

The pleadings of plaintiff show that on May 22, 1974, a decree of divorce was entered, and, as alleged by plaintiff, "[t]hat said Decree of Divorce provided that the Petitioner (defendant) . . . pay to the Respondent (plaintiff) . . . the sum of $272.73 per month as Contractual Alimony, for a period of 132 months, for which there was to be a reasonable security." Plaintiff's pleadings also were to the effect that defendant is delinquent in the monthly payments required by such divorce decree and that no payments have been made since November 1975 and prayed for recovery for the delinquent money due plaintiff.

The trial court granted plaintiff's motion for summary judgment, and recites therein that "the Court finds that the Decree of Divorce between Plaintiff and Defendant entered in Cause Number 25,986 . . . constitutes a binding contract for the division of the parties' community estate. . . ." Whereupon the court granted a summary judgment against defendant in the sum of $7,636.44 representing delinquent installments in the amount of $272.73 per month from December 1975 until the date of the judgment.

The divorce decree rendered in the original divorce proceedings contained this paragraph:

"And it appearing and was announced to the Court that the parties hereto had agreed to a property settlement which in brief is that Petitioner GEORGE MCCRAY, is to pay to Respondent the sum of $25,000.00 cash of which no more than $10,000.00 may be represented by salable real property. Further that the Petitioner is to pay to the Respondent the sum of $272.73 per month as Contractual Alimony, the said payments to be limited to 132 installments, for which there shall be reasonable security. The Petitioner is to receive the rest and remainder of the Community Estate as his separate property. A more full and complete property agreement is to be filed herein which agreement is fully approved herein."

Following this reference to the property agreement settlement, the court then proceeded to grant the divorce, and as to the minor child of the parties, the court decreed: "It is the further order of this Court that the temporary custody of this minor child be and remain in JANE FRIETAG, until further order of this Court." The court made no further mention or any specific order or decree concerning the "contractual alimony" payments referred to in the reference to an agreement of the parties.

The parties are in agreement that they did not execute or file with the court the contractual property settlement agreement referred to in the divorce decree.

The court in the divorce decree in the original proceedings did not specifically order the division of the parties' property, but, instead, merely approved the parties' agreement, and such recitals have been held not to be an award of the court. In *Rausheck v. Empire Life Insurance Co.*, 507 S.W.2d 337 (Tex.Civ.App.—Texarkana 1974, writ ref'd n. r. e.), the court, in quoting 49 C.J.S. *Judgments* § 71, states:

"The judgment or decree does not reside in its recitals but in the mandatory or decretal portion thereof, which adjudicates and determines the issues in the case and defines and settles the rights and interests of the parties as far as they relate to the subject matter of the controversy. . . ."

And, in quoting from 46 Am.Jur.2d *Judgments*, Sec. 78:

"[I]t is only the decretal portion of the judgment that operates as a judgment; the rights of the parties are adjudicated, not by the recital of facts, but solely by the decretal portion."

*Accord, Harrison v. Manvel Oil Co.*, 142 Tex. 669, 180 S.W.2d 909 (Com.App.1944, jdgmt. adopted); *Cox v. City & County of Dallas Levee Improvement Dist.*, 258 S.W.2d 851 (Tex.Civ.App.—Dallas 1953, writ ref'd n. r. e.).

■ In view of the above authorities, the mere recitation by the court that the property agreement had been agreed upon, and briefly referring to the conditions thereof in a general way, and specifically stating that "a more full and complete property agreement is to be filed herein which agreement is fully approved herein" did not constitute an award or order of the court, that such was not a decree of the court, and in the absence of a specific decree could not be enforced as a part of the judgment.

■ The plaintiff could not recover upon the property settlement agreement, separate and apart from the divorce decree. Such agreement cannot be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record. *See Tex.R.Civ.P.* 11; *Behrens v. Behrens*, 186 S.W.2d 697 (Tex.Civ.App.—Austin 1945, no writ); *Pewthers v. Holland Page Industries, Inc.*, 443 S.W.2d 392 (Tex.Civ.App.—Austin 1969, writ ref'd n. r. e.); *McIntyre v. McFarland*, 529 S.W.2d 857 (Tex.Civ.App.—Tyler 1975, no writ).

The summary judgment of the trial court is reversed, and the cause is remanded.

REVERSED and REMANDED.

KEITH, Justice, dissenting.

Notwithstanding my disapproval of the careless and inexcusably sloppy handling[1] of the property rights of the parties in the original decree, I respectfully dissent.

Our appellant invoked the jurisdiction of the divorce court seeking a divorce and a division of the community property. The decree in our record reveals that he was present in court with his counsel at a time when it "was announced to the Court that the parties hereto had agreed to a property settlement", as noted in the majority opinion. Our appellant knew that this agreement bound him to make monthly payments over a period of time aggregating $36,000 and he knew, because he was there when the announcement was made, that the court decreed that he should have the rest and remainder of the community property.

He not only knew of his obligations under the judgment, but he performed by making the payments for approximately eighteen months (May, 1974—November, 1975). In his opposition to the summary judgment, appellant swore:

"That at the time said divorce decree was rendered by the Court, all parties appeared in person and announced to the Court that they had agreed upon a settlement of this cause. . . . That it was agreed that SONJA A. McCRAY would receive the sum of $25,000 cash for her interest in the community property. I further agreed to pay to SONJA A. McCRAY the sum of $272.73 per month for 132 months for alimony. At the time I agreed to this, I did not know it was illegal for the Court to order alimony payments and I was told that I would be able to deduct such payments from my income tax and that all such payments would be income to my wife."

Appellant does not—even now and four and a half years later—deny the existence of the settlement agreement. Instead, he admits the agreement and attempts to avoid it by an explanation. This is a collateral attack upon a judgment. See G. Hodges, "Collateral Attacks on Judgments", *41 Texas L.Rev. 163 (1962)*:

"A collateral attack is an attempt to avoid the effect of a judgment in a proceeding brought for some other purpose."

1. Present counsel did not participate in the divorce hearing which was conducted by a different judge than the one presiding at the instant trial.

See also *Peddicord v. Peddicord*, 522 S.W.2d 266 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.), and authorities therein cited.

The reliance upon *Rausheck v. Empire Life Insurance Co. of America*, 507 S.W.2d 337 (Tex.Civ.App.—Texarkana 1974, writ ref'd n. r. e.), is misplaced. The attack there was direct—not collateral.

*Tex.R.Civ.P.* 11[2] has no applicability. The agreement was made in open court and entered of record by being noted in the judgment of the court. See *Sone v. Braunig*, 469 S.W.2d 605, 609 (Tex.Civ.App.—Beaumont 1971, writ ref'd n. r. e.).

Even appellant's belated excuse for defaulting upon his obligations constitutes no legal defense. We had a similar excuse tendered in *Lee v. Lee*, 509 S.W.2d 922, 926 (Tex.Civ.App.—Beaumont 1974, writ ref'd n. r. e.), which was disposed of in this manner:

"Burt [Lee] made no effort to prove fraud, as indeed he could not in the posture in which the question arose: his own lawyer made the statement upon which he relied. Cf. *O'Meara v. O'Meara*, 181 S.W.2d 891, 894 (Tex.Civ.App., San Antonio, 1944, error ref.); *Boley v. Boley* [Tex. Civ.App., 506 S.W.2d 934] *supra* fn. 4. If there was a mistake made by Burt's lawyer, it was one of law. Insofar as Burt contended that there was a *mutual* mistake, it too was one of law and not of fact. But a mutual mistake of law is not ground for rescission or cancellation of a contract. *Harris v. Sanderson*, 178 S.W.2d 315, 320 (Tex.Civ.App., Eastland, 1944, error ref. w. o. m.); *Ussery v. Hollebeke*, 391 S.W.2d 497, 501 (Tex.Civ.App., El Paso, 1965, error ref. n. r. e.)." (emphasis in original)

Appellant was not justified in repudiating his court-approved obligation to make the monthly payments to the appellee. His erroneous unilateral determination that such a payment was illegal, under the circumstances shown by our record, constitutes a collateral attack on the judgment and is no defense to appellee's claim.

2. *Rule 11*: "No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and

I would affirm the judgment of the trial court.

filed with the papers as part of the record, *or unless it be made in open court and entered of record.*" (emphasis added)