**Sonya A. McCRAY, Petitioner,**

v.

**George McCRAY, Jr., Respondent.**

**No. B–8272.**

Supreme Court of Texas.

June 27, 1979.

Duane T. Corley, Conroe, for petitioner.

Crews & Field, James W. Steele and L. P. Tower, Conroe, for respondent.

PER CURIAM.

Sonya McCray brought this action against her former husband, George McCray, to enforce a contractual alimony agreement contained in a prior divorce decree. The trial court rendered summary judgment for Sonya, and George appealed. The court of civil appeals, with one justice dissenting, reversed the judgment and remanded the cause for trial. 576 S.W.2d 669. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

Paragraph 2 of the decree rendered in the original divorce proceeding provides:

> And it appearing and was announced to the court that the parties hereto had agreed to a property settlement which in brief is that Petitioner GEORGE McCRAY, is to pay to Respondent the sum of $25,000.00 cash of which no more than $10,000.00 may be represented by salable real property. Further that the Petitioner is to pay to the Respondent the sum of $272.73 per month as Contractual Alimony, the said payments to be limited to 132 installments, for which there shall be reasonable security. The Petitioner is to receive the rest and remainder of the Community Estate as his separate property. A more full and complete property agreement is to be filed herein which agreement is fully approved therein.

In rendering a summary judgment in favor of Sonya in this enforcement proceeding, the trial court stated: "[T]he Decree of Divorce between the Plaintiff and Defendant . . . constitutes a binding contract . . . and further is a final judgment not subject to attack and is entitled to full enforcement." Reversing the judgment, the court of civil appeals held that paragraph 2 of the divorce decree did not specifically order the payment of contractual alimony, but instead *"merely approved"* the parties' agreement. The court stated that such "recitals" have been held not to be an award of the court. 576 S.W.2d at 670–71.

This holding conflicts with the opinions of this court in *Francis v. Francis,* 412 S.W.2d 29 (Tex.1967), and *Ex Parte Jones,*

163 Tex. 513, 358 S.W.2d 370 (1962). In the *Francis* case we upheld a trial court judgment which "merely approved" the parties' contractual alimony agreement, and stated:

> While Art. 4638 directs courts granting divorces to "order a division of the estate of the parties in such a way as the court shall deem just and right," it is not the purpose of the statute to proscribe amicable division and settlement by the parties. And if as a part of their settlement the parties agree that the husband will make support payments to the wife after a divorce is granted, approval of the agreement by the court should not be held to invalidate it as alimony. Amicable settlement by the parties of their property rights should be encouraged, not discouraged. *The agreement will then have whatever legal force the law of contracts will give to it.* See *Ex Parte Jones,* 163 Tex. 513, 358 S.W.2d 370 (1962).

412 S.W.2d at 33 (emphasis added). Similarly, in the *Jones* case this court was called upon to interpret a community property settlement contained in a prior divorce decree. We stated: "This agreed judgment must be interpreted as if it were a contract between the parties and the interpretation thereof is governed by the laws relating to contracts, rather than laws relating to judgments." 358 S.W.2d at 375; *accord, Martinez v. Guajardo,* 464 S.W.2d 944, 947 (Tex. Civ.App.—San Antonio 1971, no writ). Although rules relating to contract interpretation apply, an agreed judgment is accorded the same degree of finality and binding force as a final judgment rendered at the conclusion of an adversary proceeding. *Pollard v. Steffens,* 161 Tex. 594, 343 S.W.2d 234, 239 (1961); R. McDonald, Texas Civil Practice in District and County Courts § 17.22, at 109 (1971).

█ The court of civil appeals therefore erred in interpreting the contractual alimony agreement according to the law of judgments and holding it unenforceable because it did not reside in the mandatory or decretal portions of the divorce decree. Such agreement is nonetheless enforceable as part of the prior decree if it appears in the recitals and is approved by the court.

Pursuant to Rule 483, Texas Rules of Civil Procedure, the application for writ of error is granted, and without hearing oral argument, the judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.