ACCEPTED
03-17-00693-CV
21624746
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/5/2018 8:57 AM
JEFFREY D. KYLE
CLERK

## NO. 03-17-00693-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/5/2018 8:57:59 AM
JEFFREY D. KYLE
Clerk

# IN THE COURT OF APPEALS
# FOR THE THIRD DISTRICT OF TEXAS
# AUSTIN, TEXAS

## JOHN KARL RUDOLPH
## VS.
## DEBRA ANN JAMIESON

**On Appeal from the 146th Judicial District Court of Bell County, Texas**
**Trial Court No. 236,883-B**
**Honorable Jack W. Jones, Jr., Judge Presiding**

## BRIEF OF APPELLANT JOHN KARL RUDOLPH

**JAMES N. HIGDON**
**HIGDON, HARDY & ZUFLACHT, L.L.P.**
12000 Huebner Road, Suite 200
San Antonio, Texas 78230-1210
Telephone: (210) 349-9933
Telecopier: (210) 349-9988
Email: jnhigdon@hhzlaw.com
State Bar No.: 09590500
**ATTORNEY FOR APPELLANT**
**JOHN KARL RUDOLPH**

# IDENTITIES OF THE PARTIES AND COUNSEL

1.  Appellant:                      John Karl Rudolph

2.  Attorney for Appellant:        James N. Higdon
    Texas Bar No. 09590500

    HIGDON, HARDY & ZUFLACHT, L.L.P.
    12000 Huebner Road, Suite 200
    San Antonio, Texas 78230-1210
    Tel: (210) 349-9933
    Fax: (210) 349-9988
    Email: jnhigdon@hhzlaw.com

3.  Appellee:                      Debra Ann Jamieson

4.  Attorney for Appellee:        M. Bryon Barnhill
    Law Office of M. Bryon Barnhill, P.L.L.C.
    331 Indian Trail, Suite 101
    Harker Heights, Texas 76548-7201
    Tel: (254) 690-4003
    Fax: (254) 690-4411
    Email: chandler@barnhillfirm.com

# TABLE OF CONTENTS

IDENTITIES OF THE PARTIES AND COUNSEL ........................................................*i*

TABLE OF CONTENTS ....................................................................................*ii*

TABLE OF AUTHORITIES.................................................................................*iii*

STATEMENT OF THE CASE .................................................................................1

STATEMENT OF FACTS .......................................................................................2

SUMMARY OF THE ARGUMENT .........................................................................4

ARGUMENTS AND AUTHORITIES ........................................................................7

ARGUMENT AND AUTHORITY UNDER
POINTS OF ERROR NO. 1 AND NO. 2 ...................................................................7

ARGUMENT AND AUTHORITY UNDER
POINTS OF ERROR NO. 3 AND NO. 4 ..................................................................15

CONCLUSION ....................................................................................................18

PRAYER ...........................................................................................................19

CERTIFICATE OF COMPLIANCE ........................................................................20

CERTIFICATE OF SERVICE................................................................................20

APPENDIX 1 .....................................................................................................21

APPENDIX 2 .....................................................................................................22

# TABLE OF AUTHORITIES

*Cases*

*Coker v. Coker*, 650 S.W.2d 391 (Tex. 1983) .................................................................. 11

*DeGroot v. DeGroot*, 260 S.W.3d 658
        (Tex.App.—San Antonio 2011, no pet.) ........................................................... 5, 13

*Gainous v. Gainous,* 219 S.W.3d 97
        (Tex.App.—Houston [1st Dist.] 2006, pet. denied) ............................................. 13

*Gillin v. Gillin*, 307 S.W.3d 395
        (Tex.App.—San Antonio 2009, no pet.) ...............................................................5

*Hagen v. Hagen*, 282 S.W.3d 899 (Tex. 2009) .............................................8, 9, 14, 17, 18

*Haworth v. Haworth,* 795 S.W.2d 296
        (Tex.App.—Houston [14th Dist.] 1990, no writ)................................................. 11

*Hicks v. Hicks*, 348 S.W.3d 281
        (Tex.App.—Houston [14th Dist.] 2011, no pet.) ............................................6, 13

*Hooks v. Davis*, 03-03-00739-CV, 2004 WL 1686551
        (Tex.App.—Austin July 29, 2004, pet. denied) ......................................................8

*Howell v. Howell*, 581 U.S. ____, 137 S.Ct. 1400, 197 L.Ed.2d 781 (2017) ....................6

*Joyner v. Joyner*, 352 S.W.3d 746
        (Tex.App.—San Antonio 2011, no. pet.) .............................................................. 13

*Mansell v. Mansell*, 490 U.S. 581 (1989).......................................................................6, 18

*McCray v. McCray*, 584 S.W.2d 279 (Tex. 1979) (per curiam) .......................................8

*Pierce v. Pierce*, 850 S.W.2d 675
        (Tex.App.—El Paso 1993, writ denied) ............................................................4, 11

*Shanks v. Treadway*, 110 S.W.3d 444 (Tex. 2003) ...................................................4, 8, 17

*Thomas v. Piorkowski*, 286 S.W.3d 662
        (Tex.App.—Corpus Christi 2009, no pet.).............................................................5

*Wallace v. Fuller*, 832 S.W.2d 714
     (Tex.App.—Austin 1992, no writ) ..........................................................................17

*Wilde v. Murchie*, 949 S.W.2d 331 (Tex. 1997) .................................................................8


**Statutes & Rules**

10 U.S.C. §1201 *et seq.* .................................................................................... 3, 4

10 U.S.C. §1408(a)(4)(A)(iii)...................................................................................6, 18

TEX.FAM.CODE §9.006...........................................................................................14

TEX.FAM.CODE §9.007 ........................................................................................5, 13

## STATEMENT OF THE CASE

The primary focus of this case in the trial court was: (1) according to Appellee, whether Appellant, upon being retired from the United States Army, had constructively waived his military disposable retired pay to receive medical disability retired pay; and/or (2) according to the trial court, whether Appellee was entitled to be paid a portion of the military retired pay benefits being received by Appellant other than disposable retired pay.

The parties' Final Decree of Divorce awarded Appellee a portion of Appellant's military monthly disposable retired pay *upon his retirement*. Appellant was medically retired with a 100% combat related disability after being transferred to the Temporary Disability Retired List and then, later, to the Permanent Disability Retired List, his retirement being pursuant to 10 U.S.C. Chapter 61 (10 U.S.C. §1201 *et seq*.). Although the issue of whether Appellee was entitled to any of Appellant's retired pay other than disposable retired pay was ultimately considered by the trial court, Appellee's position at one point in her attorney's argument was that Appellant was receiving nothing but disposable retired pay. The Court ultimately awarded Appellee a percentage of Appellant's retired pay, regardless of how the Defense Finance and Accounting Service (DFAS) characterized Appellant's retired pay. The trial court's award, however, was in direct violation of Tex.Fam.Code §9.007 (a), (b) since the trial court substantively modified the terms of the parties' Final Decree of Divorce, which only awarded Appellee a percentage of Appellant's disposable retired pay, and the trial court's order, in effect, changed her

1

award from a percentage of Appellant's monthly disposable retired pay to a fixed dollar amount ($1,540.00) "per month, which is equivalent to 41.1157% of *any benefits paid regularly to [Appellant] as a result of his military service*, regardless of how [his retired pay payments] may be characterized by DFAS." (*Emphasis added*.)  Thus, the trial court's monthly retired pay payments awarded to Appellee, in effect, modified her award to provide that Appellee be paid from Appellant's gross retired pay rather than his DRP in contravention of Tex.Fam.Code §9.007 (a)-(b).

## STATEMENT OF FACTS

For the purpose of clarity and convenience, Appellant will provide a condensed summation of the relevant facts:

Appellant entered the U.S. Army on February 18, 1989.  Appellant and Appellee met Appellee when they were both in the Army, and they married on April 3, 1993.  Their marriage lasted 16 years 7 months, during which time Appellant served 16 years 7 months in Army.  RX-1 at 1.

On May 8, 2007, Appellant was severely injured in combat and the treatment of his injuries began immediately thereafter. *Id* at 2.

On November 12, 2009, the parties were divorced by a Final Decree of Divorce (Decree) that, among other things, awarded each party a share of the other's military retired pay.  Appellee had already retired at that time, while Appellant, even though still recovering from his combat injuries, was still in an Active Duty status.  Since Appellant had not then retired, the Decree made a hypothetical and indeterminate award of

2

Appellant's military disposable retired pay (DRP) to Appellee, and, as is usually the case, also appointed Appellant as a constructive trustee of Appellee's share of Appellant's monthly military DRP received by him.  CR 29-30.

On or about February 18, 2014, Appellee initiated the underlying suit requesting that Appellant be held in contempt for Appellant's alleged violation of several provisions of the parties' 2009 Decree, but also alleged Appellant's nonpayment to her of her share of Appellant's DRP, while requesting the trial court "to clarify" the language of the military retirement provisions since Appellant had "recently retired," although he was then still on Active Duty.  CR 72; RX-1 at 2.

Some six months later, on September 1, 2014, Appellant began his retirement process when he was placed on the Temporary Disability Retired List (TDRL).  CR 91, 121; RX-1 at 2.  Following his participation in an Army Medical Board of Review and its finding him to be 100% disabled as a result of his combat injuries, Appellant was thereafter, on January 28, 2016, placed on the Permanent Disability Retired List (PDRL).  CR 121; RX-1 at 2.  At this time, the Army made a determination of the form of retirement Appellant was to receive, that is, whether he was to be retired for length of service or was to be medically retired due to the result of the Medical Board of Review's 100% combat precipitated disability finding.  The Army found the latter, and Appellant was given a retirement pursuant to 10 U.S.C. Chapter 61, effective January 28, 2016.  CR 121; RX-1 at 2; RX-1, Exhibit A.

Following a hearing, although the date thereof is not specified in the order, the court entered an order entitled Order On Clarification Of Domestic Relations Order [Military Retirement] (MRO) on February 17, 2016.  CR 107-112.

Thereafter, a "final trial" was held on March 8, 2017, at which the only witness was James N. Higdon, the military retirement expert retained by Appellant.  RR at 14-46. Following the March 8 trial, the trial court issued a Memorandum of Ruling on May 17, 2017.  CR 114.  The trial court's Memorandum of Ruling was converted into an order entitled "Order" that was ministerially signed by the court on July 26, 2017.  CR 119-120.

Appellant then filed a Motion to Correct and/or Reform Court Order on August 24, 2017, challenging the trial court's action in characterizing Appellant's gross retired pay as what was awarded to Appellee rather than "disposable retired pay," ignoring that Appellant was retired pursuant to 10 U.S.C. Chapter 61, Appellant's award being wholly medical disability pay, and in ordering Appellant to pay Appellee a share of whatever type of military retired pay he received, whether characterized by the DFAS as DRP or not.  CR 121-123.

Thereafter, Appellant filed his Notice of Appeal on October 23, 2017.  CR  124.

**SUMMARY OF THE ARGUMENT**

The trial court erred in that its Order amounts to a "modification" of the DRO and/or the Decree rather than a "clarification" since the court made a substantive change in the DRO and/or the Decree in violation of Tex.Fam.Code §9.007 (a).  *Shanks v. Treadway*, 110 S.W.3d 444, 449 (Tex. 2003); *Pierce v. Pierce*, 850 S.W.2d 675, 679 (Tex.App.—El

Paso 1993, writ denied). As a result, the trial court's order is unenforceable and void. Tex.Fam.Code §9.007 (b). *DeGroot v. DeGroot*, 260 S.W.3d 658, 665 (Tex.App.—Dallas 2008, no pet.).

The trial court erred in awarding Appellee a portion of Appellant's medical disability retired pay, even though Appellee, was, as specified throughout the several provisions of the DRO, as well as the Decree, that address the award of military retired pay benefits to Appellee, only authorized her receipt of a portion of Appellant's disposable retired pay. CR 27, 29-30 and RR 51.

Since Appellee was only awarded a specific percentage of Appellant's disposable retired pay and the trial court *was not authorized to substantively modify* the terms of the DRO and/or the Decree's award, Appellee was not entitled to be awarded any of Appellant's "gross retired pay" or, more specifically, any of his medical disability retired pay, that was, in effect, awarded to her by the trial court in its disregard of Tex.Fam.Code §9.007 (a), (b) and applicable state case law. *Thomas v. Piorkowski*, 286 S.W.3d 662, 665 (Tex.App.—Corpus Christi 2009, no pet.) (concluding TDRL benefits are not divisible as marital property because the benefits are not disposable retired pay); see also *Gillin v. Gillin*, 307 S.W.3d 395, 398 (Tex.App.—San Antonio 2009, no pet.) (A trial court order which states that in no event should spouse of retired service member receive less than a specific percentage as her share of monthly disposable retirement pay does not preclude waiver of retirement pay and electing disability).

The Uniformed Services Former Spouse Protection Act (USFSPA) and the many cases construing it, both federal and state, prohibit our state trial courts from treating as

5

divisible community property that portion of a service member's military retired pay received pursuant to 10 U.S.C. Chapter 61. 10 U.S.C. §1408(a)(4)(A)(iii). *Mansell v. Mansell*, 490 U.S. 581, 594-595, 109 S.Ct. 2023, 2031-2032, 104 L.Ed.2d 675 (1989). *See also*, *Howell v. Howell*, 581 U.S. ___, 137 S.Ct. 1400, 1402-1404, 197 L.Ed.2d 781 (2017); *Hicks v. Hicks,* 348 S.W.3d 281, 285 (Tex.App.—Houston [14th Dist.] 2011, no pet.) (a divorce court may treat disposable retired pay payable to a member as marital property subject to division in accordance with the law of the jurisdiction).

In this case, it was undisputed that Appellant was placed on the TDRL on September 1, 2014, and was not placed on the PDRL until January 28, 2016. RX-1, Exhibit A. Further, he was retired with a 100% medical disability. *Id*. Thus, the trial court erred as a matter of law and fact in the entirety of the military retired pay provisions of its July 26, 2017, Order.

The trial court's July 26, 2017, Order should be reversed and a take nothing rendered against Appellee. Because Appellant has complied with the trial court's Order in making payment of retired pay monies to Appellee as reflected in the said Order, Appellant requests this Court to remand this matter to the trial court with instructions that it order the return of military retired pay monies made to Appellee by Appellant in accordance with the Order being appealed.

6

## POINTS OF ERROR NO. 1 AND NO. 2

**Point of Error No. 1:**

The trial court erred in its July 26, 2017, Order's ruling in that it "substantively modified" the Order On Clarification Of Domestic Relations Order [Military Retirement] and/or the Final Decree of Divorce's military retired pay award to Appellee of a percentage of Appellant's disposable retired pay in violation of Tex.Fam.Code §9.007(a).

**Point of Error No. 2:**

As a result of the trial court's July 26, 2017, Order's ruling in contravention of its authority, the July 26, 2017 Order is unenforceable and void pursuant to Tex.Fam.Code §9.007(b) since the Order substantively modified the Order On Clarification Of Domestic Relations Order [Military Retirement] and/or the Final Decree of Divorce's military retired pay award of only *disposable* retired pay to Appellee.

## ARGUMENT AND AUTHORITY UNDER POINTS OF ERROR NO. 1 AND NO. 2

The language in the parties' Decree, an agreement of the parties (CR 4-5), specifying Appellee's award of her share of Appellant's military retired pay is very clear, specific, and, therefore, unambiguous. She was awarded a specified percentage via a formula since, at that time, Appellant was still on active duty with the U.S. Army. But throughout the Decree, the definition of Appellee's award was has always been unambiguously stated and identified as *only* a portion of the *disposable* retired pay expected to be received by Appellant upon his retirement.

When the parties agreed to "clarify" the terms of their Decree following Appellant's retirement from the U.S. Army by entering the Order On Clarification Of Domestic Relations Order [Military Retirement] (DRO) on February 17, 2016, its military retired pay award language *merely more specifically stated* Appellee's award of the share of Appellant's monthly military *disposable* retired pay to be a specific percentage share of

Appellant's monthly military *disposable* retired pay, which clarification made the Decree's award to Appellee even clearer by making it more specific, and, therefore, even more unambiguous.

In each order, Appellee's specified awarded share of Appellant's monthly military retired pay was clearly, specifically and distinctly limited throughout each order to a portion of Appellant's monthly military *disposable* retired pay. *See* Appendices 1 and 2, which compare the DRO's award language with the Decree's award language, noting omitted and/or added language as indicated, but each clearly, unequivocally and unambiguously reflecting that Appellee was only awarded a share of Appellant's **disposable** *retired pay*.

When interpreting a divorce decree, like any other judgment, the court must read the decree as a whole and, if the decree, when so read, "is unambiguous as to the property's disposition, the court must effectuate the order in light of the literal language used." *Wilde v. Murchie*, 949 S.W.2d 331, 332 (Tex. 1997); *See also Shanks supra* at 447 (quoting the same *Wilde* language.). There exists a presumption that the divorce court chose the Decree language carefully. *Hagen v. Hagen,* 282 S.W.3d 899, 908 (Tex. 2009). It is well-settled that, although rules relating to contract interpretation apply, an agreed judgment is accorded the same degree of finality and binding force as a judgment in an adversarial proceeding. *McCray v. McCray*, 584 S.W.2d 279, 281 (Tex. 1979) (per curiam) (citing *Pollard v. Steffens*, 343 S.W.2d 234, 239 (Tex. 1961) ("a consent judgment has the same degree of finality and binding force as does one rendered by the court at the conclusion of an adversary proceeding.")); *Hooks v. Davis,* 03-03-00739-CV, 2004 WL 1686551, at *3

(Tex.App.—Austin July 29, 2004, pet. denied) (Court holds summary judgment proper, finding husband bound by Agreement terms approved and incorporated into the divorce decree by the trial court because it constituted part of a valid and binding final judgment.).

The Decree in this case, in the following and all other locations, awarded Appellee

> the monthly percentage amount determined under the formula set forth below of the United States Army *disposable retired pay*, to be paid as a result of [Rudolph's] service in the United States Army, and the same percent of all increases in the United States Army *disposable retired pay* due to cost of living or other reasons.

(*Emphasis added*.) As shown in Appendix 2, the language of the DRO does the same; it also limits Appellee's "clarification award" solely to a percentage share of Appellant's *disposable* retired pay, as it should, so as not to be a void order. Further, neither party claims the Decree defined "disposable retired pay" to be other than as that term is defined in 10 U.S.C. §1408(a)(4)(A)(iii), nor did either of the parties claim that the DRO, or, for that matter, the Decree, purported to include any type of compensation or pay outside of the plain import of the words used, to wit: *disposable* retired pay. Thus, neither party claimed that the DRO and/or the Decree was ambiguous in the wording used in dividing Appellant's military retirement pay or in the wording defining Appellee's award to be limited to a specific portion of Appellant's *disposable* retired pay. *See Hagen supra* at 902.

The trial court, in its Memorandum of Ruling dated May 17, 2017, (CR 114) clearly indicated that it was substantively changing, and, therefore, *modifying*, not merely clarifying, the DRO's (and/or the Decree's) award to Appellee when it stated:

> In its prior orders [the DRO], the court awarded Movant 41.1157% of Respondent's "disposable retired pay". The parties disagree regarding the effective definition of "disposable retired pay" as it applies to this case. The

9

court finds that is [*sic*] was the intention of the court in making its order ..." that Movant should receive 41.1157% *of any benefits paid regularly to Respondent as a result of his military service*.

The decree of divorce in which the award was made specifically states that the court "expressly reserves the right... to make orders necessary to clarify, amend and enforce this order". *In making such a clarification or amendment*, the court will order that Respondent pay the required percentage of the benefits he receives, *regardless of how they may be characterized by DFAS*. To do otherwise would deny Movant of a substantial property interest to which she is entitled.

*(Emphasis added.)* Of course, the DFAS had rejected Appellee's application for garnishment of Appellant's disposable retired pay, sending her a letter stating that Appellant received no disposable retired pay, something of which the trial court was aware as a result of prior proceedings in this same case, as well as Respondent's Exhibit 1. RX-1 at 3. So, the trial court, by its "regardless of how they may be characterized by DFAS" language, indicated its intention to modify the prior award(s) to Appellee to include monies in excess of Appellant's *disposable* retired pay, which would necessarily include Appellant's PDRL medical disability retired pay and/or his gross retired pay.

The trial court later, in ministerially signing its "Order" on July 26, 2017, reiterated its rationale in its prior Memorandum of Ruling when it said:

The Court further finds that Movant should receive $1,540.00 per month, which is equivalent to 41.1157% *of any benefits paid regularly to Respondent as a result of his military service*.

*Ruling*

IT IS THEREFORE ORDERED that

Respondent JOHN KARL RUDOLPH shall pay to Movant DEBRA ANN JAMIESON the monthly sum of $1,540.00 per month, which is

10

> equivalent to 41.1157% *of any benefits paid regularly to him as a result of his military service, regardless of how they may be characterized by DFAS.*

*(Emphasis added.)*

Although the trial court made no finding that the language of the DRO or, for that matter, the Decree language that was being clarified, was ambiguous, nevertheless, it inferentially found the language of the DRO to be ambiguous in the trial court's very clear and broad expansion of the award to Appellee to include "any benefits paid regularly to [Appellant] as a result of his military service, regardless of how they may be characterized by DFAS," thus, disregarding the fact that DFAS had determined, based upon its application of 10 USC §1408(a)(4)(A)(iii) to Appellant's retired pay, Appellant received no disposable retired pay. CR 122; RR 11. Further, the trial court's award utterly disregarded or ignored the express provision that Appellee's award is, and has always been, limited to a portion of Appellant's disposable retired pay, as that term is defined in the USFSPA, and also in the definitions of the trial court's DRO.

Although the trial court did not expressly construe the language of the DRO and/or the Decree as ambiguous —and neither did either party— the trial court's order substantively modifies Appellee's award, and is clearly contrary to Texas law. *See Coker v. Coker,* 650 S.W.2d 391, 393 (Tex. 1983) (Holding that if a written instrument is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous.). Thus, "where the divorce decree is unambiguous, the trial court has no authority to enter an order altering or modifying the original disposition of property".

*Pierce supra* at 679 (citing *Haworth v. Haworth,* 795 S.W.2d 296, 300 (Tex.App.—Houston [14th Dist.] 1990, no writ)).

Here, the trial court expressly found it "did not intend to limit Appellee's award to just Appellant's disposable retired pay," even though that is exactly what both the Decree and the DRO do. It then *modified*, in express contravention of its authority, the award language of the DRO and/or that of the Decree by awarding Appellee a dollar share of whatever Appellant receives as "retired pay," regardless of what DFAS calls the retired pay received by Appellant.

The trial court blatantly erred in contravening the unambiguous language it found, that is, that Appellee was awarded "41.1157% of [Appellant's] 'disposable retired pay,'" in the court's very recent entry of the DRO in clarification of the Decree's military retirement award language, and expanded Appellee's award in the court's 2017 "clarification or amendment" of the DRO to be "that [Appellant] pay the required percentage of the benefits he receives, *regardless of how they may be characterized by DFAS*." (*Emphasis added*.) "In making [its] clarification or amendment," the trial court knowingly violated its authority and jurisdiction as specified in Tex.Fam.Code §9.007(a) and (b).

Section 9.007 (a)-(b) of the Texas Family Code limits the power of a trial court by the following specific provisions:

### § 9.007. Limitation on Power of Court to Enforce

(a) *A court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce* or annulment. *An order to enforce the division is limited* to an order to assist in the implementation of or to clarify

12

the prior order *and may not alter or change the substantive division of property*.

(b) *An order under this section that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce* or annulment *is beyond the power of the divorce court and is unenforceable*.

*(Emphasis added.)* The language of the court's Order does, in fact, "[amend, modify, alter, and] change the actual, substantive division of property made or approved in a divorce decree" and was thus "beyond the power of the [trial] court and is unenforceable" and, therefore, **VOID.** Tex.Fam.Code §9.007(b); *See also Joyner v. Joyner*, 352 S.W.3d 746, 749 (Tex.App.—San Antonio 2011, no pet.); *DeGroot supra* at 663 (holding that orders violating the restrictions contained in section 9.007 are void); *Gainous v. Gainous,* 219 S.W.3d 97, 107–08 (Tex.App.—Houston [1st Dist.] 2006, pet. denied) (same). Because the July 26, 2017 Order had the effect of changing the substantive division of property made in the parties' Decree and as clarified in the DRO, it is unenforceable and **VOID** pursuant to the express language of the Section 9.007(a) and (b). *See Hicks supra* at 288 ("[T]he agreed divorce decree does not require Husband to name Wife as a former spouse beneficiary to an SBP annuity. Because the DRO is not part of the parties' agreement and it imposes an additional obligation not included in the agreed divorce decree, the trial court erred by including this obligation in the DRO.").

The Order signed on July 26, 2017, if not expressly entered to broaden the scope and award to, as the trial court stated it, "[clarify] and [amend]" the share of Appellant's military disposable retired pay that had been awarded to Appellee, it clearly did so. As such, the Order entered by the trial court changed the specific definition of Appellee's

award from a share of Appellant's disposable retired pay to, for all practical purposes, a share of Appellant's gross retired pay, which is a substantial and substantive alteration of the terms of the parties' and the court's DRO, as well as the parties' Decree.

Additionally, the trial court further erred in its "clarification and amendment" of the parties' DRO and/or Decree by changing the express language of that DRO to further *modify* its terms. Although Appellee, as noted, was only awarded a percentage of Appellant's "disposable retired pay" in the Decree, which was then expressly carried forward in the DRO, the trial court awarded Appellee a fixed dollar amount and/or a percentage of, in effect, Appellant's "gross retired pay," in its award of:

> The monthly sum of $1,540.00 per month, which is equivalent to 41.1157% *of any benefits paid regularly to [Appellant] as a result of his military service, regardless of how they may be characterized by DFAS.*

(*Emphasis added*.)

"A court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment." Tex.Fam.Code § 9.007(a). If a trial court order does not modify or amend the substantive division of property set out in a final decree, then the court merely construes the decree, and its order is properly classified as a clarification or enforcement order. *Hagen supra* at 905 (citing Tex.Fam.Code §§9.006–.007). "Only an attempt to judicially alter or change the substantive provisions of a final decree constitutes a prohibited collateral attack. *See Reiss,* 118 S.W.3d at 442." *Id*.

In sum, the trial court's July 26, 2017, Order is unenforceable and void and this Court of Appeals should reverse and render in it that:

1. the DRO and Decree are each unambiguous, each expressly only awarding Appellee a share of Appellant's monthly military *disposable* retired pay;

2. the Order being appealed modifies the unambiguous language of the DRO and/or Decree in direct violation of Tex.Fam.Code §9.007(a);

3. the Order being appealed is an order that is, per the explicit terms of Tex.Fam.Code §9.007(b), "beyond the power of the [trial] court and is unenforceable."

## POINTS OF ERROR NO. 3 AND NO. 4

**Point of Error No. 3:**

The trial court erred in substantively modifying the award to Appellee of a share of Appellant's military *disposable* retired pay in awarding Appellee a portion of the medical disability retired pay Appellant's receives pursuant to 10 U.S.C. Chapter 61 in contravention of 10 U.S.C. §1408(a)(4)(A)(iii) since Appellee was only awarded and authorized the receipt of a portion of Appellant's *disposable* retired pay.

**Point of Error No. 4:**

The trial court erred in substantively modifying the award to Appellee of a share of Appellant's military *disposable* retired pay in awarding Appellee a fixed dollar amount of, in effect, Appellant's "gross retired pay" in disregard of Tex.Fam.Code §9.007(a)-(b), 10 U.S.C. Chapter 61 and/or 10 U.S.C. §1408(a)(4)(A)(iii), as well as state and federal case law.

**ARGUMENT AND AUTHORITY UNDER
POINTS OF ERROR NO. 3 AND NO. 4**

To the extent that the Argument and Authority under Points of Error No. 1 and No. 2 discuss the facts and/or law that also specifically address Points of Error No. 3 and No. 4, it is incorporated herein by reference.

As noted in the Statement of Facts, Appellant was severely injured in combat on May 8, 2007, and the treatment of his injuries began immediately thereafter. RX-1 at 2.

When the parties were divorced on November 12, 2009, Appellant was still in an Active Duty status albeit still recovering from his combat injuries. On September 1, 2014, Appellant actually began his retirement process when he was placed on the TDRL. *Id.* After the requisite Medical Review Board found him to be 100% disabled, Appellant was placed on the PDRL on January 28, 2016. *Id.* At this time, the Army made a determination of the form of retirement Appellant was to receive, that is, whether he was to be retired for length of service or was to be medically retired due to the result of the Medical Board of Review's 100% disability finding. The Army found the latter and Appellant was given a retirement pursuant to 10 U.S.C. Chapter 61, effective January 28, 2016. *Id.*; RX-1, Exhibit A.

As a result, there was no disposable retired pay that was being paid to Appellant as was specifically found by the DFAS. RX-1 at 3.

The trial court, in its Memorandum of Ruling and then in its Order, did not find that Appellant was receiving disposable retired pay, but, in effect, confirmed that Appellant *was not* receiving disposable retired pay when it found that "[i]n its prior orders, the court

16

awarded [Appellee] 41.1157% of [Appellant's] 'disposable retired pay'" and then ordered "that [Appellant] pay the required percentage of the benefits he receives, *regardless of how they may be characterized by DFAS*." (*Emphasis added*.)

The net result of the trial court's ruling in its "clarification and amendment" of the parties' DRO and/or Decree was awarding Appellee a share of Appellant's medical disability retired pay when it ordered that its "fixed dollar award" to Appellee,

> The monthly sum of $1,540.00 per month, which is equivalent to 41.1157% *of any benefits paid regularly to [Appellant] as a result of his military service, regardless of how they may be characterized by DFAS.*

(*Emphasis added*.) be, in effect, payable out of Appellant's medical disability retired pay since that was the type of retirement or retired pay Appellant was awarded by the U.S. Army and was receiving from the DFAS. CR 120; RX-1 at 10; RX-1 Exhibit A, B.

Thus, the trial court has, as noted under the Argument and Authority under Points of Error No. 1 and No. 2, disregarded the express language of the parties' DRO and/or Decree and exceeded its authority under Tex.Fam.Code §9.007(b) in entering its "Order." In effect, it has effected a collateral attack on both the DRO and the Decree by its substantive modification of the DRO and the Decree in violation of established law. *See Hagen supra* at 905; *Shanks supra* at 449; *Reiss v. Reiss*, 118 S.W.3d 439, 442 (Tex. 2003).

Thus, as stated above, the trial court's July 26, 2017, Order is unenforceable and void, and this Court of Appeals should reverse and render since the trial court made substantive modifications to the award language of the prior orders, the DRO and the Decree. *Wallace v. Fuller*, 832 S.W.2d 714, 719 (Tex.App.—Austin 1992, no writ)

(Reversed judgment of the trial court and rendered judgment that former spouse take nothing in her partition suit that improperly partitioned service member's military disability retirement pay).

## Conclusion

The trial court erred in its July 26, 2017, Order's ruling in that it "substantively *modified*," rather than merely *clarified*, the Order On Clarification Of Domestic Relations Order [Military Retirement] and/or Final Decree of Divorce's military retired pay award to Appellee of a percentage of Appellant's *disposable* retired pay in violation of Tex.Fam.Code §9.007(a). Further, as a matter of law, the trial court's Order is in contravention of its authority and the July 26, 2017, Order is unenforceable and void pursuant to Tex.Fam.Code §9.007(b).

In addition, and, if necessary, the trial court exceeded its authority in substantively changing and increasing the breadth of Appellant's funds from which Appellant was to draw to pay Appellee. The trial court's ruling, in contravention of the terms of the two prior orders, which were limited solely to disposable retired pay, expanded Appellee's reach to Appellant's Chapter 61 medical retired pay funds in violation of 10 U.S.C. §1408(a)(4)(A)(iii), which, as a matter of federal law, prohibits trial courts from dividing/awarding, in effect, anything but disposable retired pay. 10 U.S.C. §1408(a)(4)(A)(iii); *Mansell supra*; *Hagen supra* at 901 n.1.

Finally, upon the Court approving any of the foregoing Points of Error, and having reversed and/or rendered as to the said Points of Error, should also remand this cause with

instructions for/to the trial court to enter an order reimbursing Appellant for all the monies Appellant paid to Appellee as a result of the trial court's Order signed on July 26, 2017.

## PRAYER

Appellant John K. Rudolph, prays this Third Court of Appeals to reverse and render as to the trial court's modification of the DRO and/or the Decree in violation of Tex.Fam.Code §9.007(a) and (b).  Appellant also prays that this Court remand this cause to the trial court with instructions to enter an order that orders Appellee to refund and/or pay back the monies paid to her pursuant to the said July 26, 2017, Order.  Appellant prays for general relief.

Respectfully submitted,

HIGDON, HARDY & ZUFLACHT, L.L.P.
12000 Huebner Road,   Suite 200
San Antonio, Texas   78230-1210
Telephone:        (210) 349-9933
Telecopier:        (210) 349-9988
Email:    jnhigdon@hhzlaw.com


By: ____*James N. Higdon*_____
     JAMES N. HIGDON
     TSB#09590500
     ATTORNEY FOR APPELLANT
     JOHN KARL RUDOLPH

19

## CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), Appellant certifies that the number of words in the Brief of Appellant John Karl Rudolph, including its headings, footnotes, and quotations, is 7,457.

*___James N. Higdon*_____
JAMES N. HIGDON

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Appellant's Brief was served on Debra Ann Jamieson, Appellee, in accordance with the Texas Rules of Appellate Procedure, on January 5, 2018, by delivering a copy to her attorney of record:

M. Bryon Barnhill
Law Office of M. Bryon Barnhill, P.L.L.C.
331 Indian Trail, Suite 101
Harker Heights, Texas 76548-7201
Fax: (254) 690-4411
Email: chandler@barnhillfirm.com

*____James N. Higdon*_____
JAMES N. HIGDON

**Appendix 1**

**2009**
**FINAL DECREE OF DIVORCE**
**Military Retired Pay Division Language**

**All italics used in the excerpts of this Final Decree of Divorce related to *"disposable retired pay"*: or *"the award of disposable retired pay made to Former Spouse in this order"* or similar wording in italics in the wording of the Final Decree of Divorce has been added for emphasis by Appellant.**

CR 4 – page 1 of 34

. . . .

*Appearances*

Petitioner, JOHN KARL RUDOLPH, appeared in person and through attorney of record, BARBARA WEAVER, and has agreed to the entry of this order as evidenced by the signature of Petitioner and attorney for Petitioner appearing below.

Respondent, DEBRA ANN JAMIESON, appeared in person and through attorney of record, M. BRYON BARNHILL, and has agreed to the entry of this order as evidenced by the signature of Respondent and attorney for Respondent appearing below.

. . . .

CR 5 – page 2 of 34

. . . .

*Agreement of Parties*

The Court finds that the parties have entered into a written agreement as contained in this decree by virtue of having approved this decree as to both form and substance. To the extent permitted by law, the parties stipulate the agreement is enforceable as a contract. The Court approves the agreement of the parties as contained in this Final Decree of Divorce.

21

**Appendix 2**

**2016**
<u>ORDER ON CLARIFICATION OF DOMESTIC RELATIONS ORDER</u>
[Military Retirement]


**All italics used in the excerpts of this Order on Clarification related to *"disposable retired pay"*: or *"the award of disposable retired pay made to Former Spouse in this order"* or similar wording in italics in the wording of the Order on Clarification has been added for emphasis by Appellant.**


**There is no *Division of Marital Estate* language as found in Decree at CR 25-27.**


CR 107          page 1

. . . .

*Findings*

The Court finds, in accordance with the Uniformed Services Fomer Spouse Protection Act, 10 U.S.C. section 1408, as follows:


. . . .


7.          *The award of disposable retired pay made to Former Spouse in this order* is made in compliance with the Uniformed Services Former Spouses' Protection Act.


8.          It is intended by this Court and the parties that the Defense Finance and Accounting Service (DFAS) designee make *the payments due to Former Spouse of her interest in the disposable retired pay awarded in this order* directly to Former Spouse.


          *Terms and Definitions*

CR 108          page 2


          With respect to the provisions of this DRO, the Court has used and applied the following terms and definitions:


1.          "*Retired pay*" means monetary pay to which Servicemember is, or may hereafter be, entitled to receive on completion of the requisite number of years of creditable service to be entitled to *nondisability retired pay* as a result of service in the United States Armed Forces (active

duty, reserve component, or national guard), whether called retired pay, retainer pay, or retirement pay.

2. "*Disposable retired pay*" has the meaning provided in the Uniformed Services Former Spouses' Protection Act (10 U.S.C. § 1408 *et seq.*).

3. "USFSPA" means the Uniformed Services Former Spouses' Protection Act (10 U.S.C. § 1408 *et seq.*) in effect on the date of the parties' divorce.

4. "Defense Finance and Accounting Service" (DFAS) means, refers to, and includes the Secretary of the Department of Defense, the Director of the DFAS, the designated agent of either of these, and other appropriate subdivisions of the United State Government.

. . . .

*Award to Former Spouse*

IT IS THEREFORE ORDERED that *Former Spouse have judgment against and recover from Servicemember, on Servicemembers* [sic] *retirement* from the United States Army, *the amount of disposable retired pay* calculated as follows 41.1157 percent of the hypothetical pay of an 0-5 with 20 years and 2 months of creditable service towards retirement as of the date of divorce, with an average high-36 base pay average *[sic]* of $7,163.02 on the date of divorce, *to be determined from Servicemembers* [sic] *monthly **disposable** retired pay at retirement*.

IT IS FURTHER ORDERED that DFAS, to the extent allowed by law, *pay Former Spouse each month the calculated percentage of Servicemember's disposable retired pay at retirement*, together with all COLAs applicable thereto, payable, IF, AS, and WHEN received by Servicemember.

IT IS FURTHER ORDERED that the rest, residue, and remainder of the military retired pay of Servicemember is the sole and separate property of Servicemember.

*Amounts in Excess of 50 Percent*

IT IS ORDERED that if the dollar amount or award (or a larger sum as increases take effect) exceeds 50 percent *of the disposable retired pay*, DFAS shall pay to Former Spouse the maximum amount allowable under the USFSPA and Servicemember shall be responsible for paying the balance of the award each month to Former Spouse, and it is accordingly ORDERED.

**The following two paragraphs of this order are not in the Decree at all, but still limit "*the full amount of Former Spouse's interest in the retired***

23

*pay"* to *"Former Spouses' full separate-property share of Servicemember's disposable retired pay"* and *"to the dollars-and-cents equivalent of that COLA attributable to Former Spouse's share of that disposable retired pay."*

If DFAS is not allowed to pay Former Spouse the full amount of Former Spouse's entitlement pursuant to this order form any reason, Servicemember is hereby ORDERED, within seven days of being notified by Former Spouse that Former Spouse is not receiving *the full amount of Former Spouse's interest in the retired pay*, to execute and deliver to DFAS all forms or documents that may then be necessary to effect an allotment payable to Former Spouse in the amount of the difference between the amount being paid directly to Former Spouse by DFAS and *the full amount of Former Spouse's interest in*

CR 109      page 3

*the retired pay.* Servicemember is FURTHER ORDERED to keep and maintain in full force and effect any allotment required by this provision, payable to Former Spouse at 2409 Nickelback Drive, Harker Heights, Texas 76548 or such other address as Former Spouse may hereafter specify in writing, until such time as Former Spouse begins receiving *Former Spouse's full separate-property share of Servicemember's disposable retired pay as awarded herein* directly from DFAS. That allotment may be canceled by Servicemember if and when Former Spouse begins receiving, and for as long as Former Spouse is receiving, *Former Spouses' full separate-property share of Servicemember's disposable retired pay* directly from DFAS, but only in that event or to avoid double payment of sums.

Since Former Spouse has been awarded the right to receive that share attributable to the interest awarded to Former Spouse herein *of any and all COLAs or other increases in the monthly disposable retired pay hereinafter paid* and if Former Spouse is not receiving from DFAS his *[sic]* full share of the retired pay herein awarded to Former Spouse, if and when COLAs are made to the retired pay received by Servicemember, Servicemember is hereby ORDERED to execute and deliver to DFAS all forms or documents that may then be necessary to effect an increase in the allotment to Former Spouse *in the amount equal to the dollars-and-cents equivalent of that COLA attributable to Former Spouse's share of that disposable retired pay.* Servicemember is hereby ORDERED to increase the allotment then in effect or, if applicable, initiate an allotment pursuant to the foregoing paragraph, within seven working days of the date Servicemember is notified by DFAS of the effective date of each COLA to the monthly retired pay payment.

*Constructive Trust*

IT IS FURTHER ORDERED that Servicemember be and is hereby designated a constructive trustee for the benefit of Former Spouse for the purpose of receiving *the retired pay awarded herein to Former Spouse* as Former Spouse's sole and separate property, and Servicemember be and is hereby ORDERED, on receipt thereof, to deliver by first-class mail to Former Spouse at her last known address by negotiable instrument *that portion of each monthly retired pay payments awarded to Former Spouse herein* not paid directly (or by allotment) by

DFAS within three days of the receipt of any such payments by Servicemember. All payments made directly to Former Spouse by DFAS shall be a credit against this obligation.

For purposes of this order, Servicemember is specifically directed, on penalty of contempt, to pay *Former Spouse's interest in the disposable retired pay as ordered in this order*, AND IT IS SO ORDERED. Servicemember is specifically directed that he is not relieved of that obligation except to the extent that he is specifically notified that 100 percent of *Former Spouse's interest in the retirement benefit* has been directly paid by DFAS, and IT IS SO ORDERED.

IT IS FURTHER ORDERED that any election of benefits that may hereafter be made by Servicemember shall not reduce *the amount equal to the percentage of the retired pay or the amount of the retired pay the Court has herein awarded to Former Spouse*, except as provided by federal law *and* prohibited from being changed by a state court order. In this regard, IT IS FURTHER ORDERED that Servicemember shall not merge his military retired pay with any other pension and shall not pursue any course of action that would defeat, reduce, or limit Former Spouse's right to receive Former Spouse's full separate-property share of Servicemember's retired pay as awarded in this order, unless otherwise ordered herein.

*Death*

IT IS ORDERED that the payment *of the retired pay awarded in this order to Former Spouse*

CR 110      page 4

shall continue until the death of Servicemember or Former Spouse.

**The foregoing DRO language omits "disposable retirement pay," which is in the Decree and substitutes "retired pay". Retired pay is defined in the DRO, however, to be "nondisabilty retired pay" none of which the evidence showed Appellant receives, he having been medically retired due to combat injuries and having being placed on the PDRL.**

CR 111      page 5

**The first two of the following three paragraphs are transposed, but all three paragraphs are identical to those in the Decree. Each limits Former Spouse's award to "*disposable retired pay*."**

. . . .

*Continued Jurisdiction and Clarification*

Although the Court and the parties intend that DFAS make direct payments to Former Spouse of *Former Spouse's interest in the disposable retired pay awarded herein*, IT IS FURTHER ORDERED that, if this order does not qualify for direct payment, Servicemember shall cooperate and do all things necessary to aid Former Spouse in obtaining a clarification of this order that will qualify for direct payment of *Former Spouse's interest in the **disposable retired pay awarded in this order***. IT IS FURTHER ORDERED that this Court reserves jurisdiction to enter such a clarifying order.

Without affecting the finality of the Final Decree of Divorce or this Domestic Relations Order, this Court expressly reserves the right pursuant to section 9.101 *et seq.* of the Texas Family Code to make orders necessary to clarify, amend, and enforce this order, and IT IS SO ORDERED.

IT IS ORDERED that the same percentage interest awarded in this decree to DEBRA ANN JAMIESON includes all amounts of retired pay JOHN KARL RUDOLPH actually or constructively waives or forfeits in any manner and for any reason or purpose, including but not limited to any waiver made to qualify for Veteran's Administration benefits and any waiver from electing not to retire, despite being qualified to retire. It also includes any sum taken by JOHN KARL RUDOLPH in addition to or in lieu of retirement benefits, including but not limited to exit bonuses, voluntary separation incentive pay, special separation benefit, or any other form of compensation attributable to separation from military service instead of or in addition to payment of the military retirement benefits normally payable to a retired member. *All sums payable to DEBRA ANN JAMIESON as a portion of military retirement shall be payable from JOHN KARL RUDOLPH's disposable retired or retainer pay* to the extent that it is so restricted by law.